Ashland Water Co. vs. Ashland County.

ASHLAND WATER COMPANY, Respondent, vs. ASHLAND COUNTY, Appellant.

*February 6 — February 23, 1894.*

| 87 | 209 |
| 114 | 491 |
| 87 | 209 |
| 61 LRA | 92n |

*Municipal ordinances: Amendment: Repeal.*

Where a municipal ordinance provides that a former ordinance "is hereby amended so as to read as follows," any provisions of the former ordinance not found in the later one are repealed.

APPEAL from the Circuit Court for *Ashland* County.

The action is for one year's supply of water, furnished by the plaintiff to the defendant for the use of its court house and county offices therein.

On the 18th day of April, 1884, the town board of supervisors of the town of Ashland enacted an ordinance whereby it granted to the plaintiff a license or franchise to supply the then unincorporated village of Ashland with water. In this ordinance it was provided that "the city shall also have water, free of charge, for the fire department buildings and town and county halls and offices occupied for town and county purposes." Afterwards, on the 22d day of September, 1884, the same town board enacted an ordi-

nance, by the first section of which it is provided that the aforesaid ordinance, passed August 18, 1884, "be and the same hereby is so amended as to read as follows." Then follows an ordinance of considerable length, covering the general ground of the ordinance of August 18, 1884, but omitting altogether the above provision for supplying water, free of charge, to the county halls and offices.

After the city of Ashland was incorporated, the common council of the city enacted an ordinance in which it recited the above-mentioned ordinances, and others which had been enacted by the town board of the town of Ashland on the subject of waterworks, with the purpose, apparently, of ratifying or confirming them as binding upon the city. The ordinance concludes as follows: "And it being the intention hereby to grant, in the name and behalf of the city of Ashland, to the *Ashland Water Company*, . . . the same franchises, license, rights, immunities and privileges contained in the said ordinance of August 18th, 1884, as amended and extended by the said ordinance of September 22nd, 1884, . . . to the same effect as if all the said ordinances had been duly passed and adopted, from time to time, by the mayor and common council of the city of Ashland, . . . the city of Ashland, for the purpose of providing for a supply of water to the city of Ashland, . . . hereby ratifies and confirms to the said *Ashland Water Company*, . . . for the term of fifty years, all the franchises, license, rights, immunities and privileges contained in the said ordinance of August 18th, 1884, as amended and extended by the said ordinance of September 22nd, 1884," and the other ordinance mentioned.

There was judgment for the plaintiff for $111, from which the defendant appeals.

*Richard Sleight,* for the appellant.

For the respondent there was a brief by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.*

Newman, J.   The question is whether the right of the county of *Ashland* to be supplied with water for its court house and the offices therein, free of charge, survived the enactment of the ordinance of September 22, 1884.

It is, no doubt, a well settled rule in the construction of statutes that, where a statute provides that a certain former statute "is hereby amended so as to read as follows," any provision of such former statute which is not found in the new statute is repealed.   *State v. Ingersoll*, 17 Wis. 631; *Goodno v. Oshkosh*, 31 Wis. 127; *Sydnor v. Palmer*, 32 Wis. 406; *State ex rel. Terry v. Keaough*, 68 Wis. 135–144; 23 Am. & Eng. Ency. of Law, 488, and cases cited in note 3.

The rules for the construction of statutes and of municipal ordinances are the same.   *In re Yick Wo*, 68 Cal. 294. The object of construction is to conform the statute or the ordinance to the intention of the body enacting it.   It is assumed that the enacting body intended to omit from the law those provisions of the old statute or ordinance which are not preserved and re-enacted in the new.   The provision that the county of *Ashland* should have water for the court house and county offices, free of charge, did not survive the enactment of the ordinance of September 22, 1884.

Nor was that provision of the ordinance of August 18, 1884, revived by the later ordinance of the mayor and common council of the city of Ashland.   It is obvious from the language used that the intention of that ordinance was to adopt as the legislation of the city, and to confirm as it then stood, the previous legislation of the town board of supervisors of the town of Ashland relating to the supplying of Ashland with water.   So far as it affects the matter in contention, it had this scope, no more.

*By the Court.*— The judgment of the circuit court is affirmed.