COUNTY OF COLUMBIA, Respondent, V. BYLEWSKI, Appellant.

Supreme Court

*No. 77–125. Submitted on briefs January 7, 1980.—Decided February 7, 1980.*
(Also reported in 288 N.W.2d 129.)

154

For the appellant the cause was submitted on the briefs of *Francis R. Bannen, S.C.,* of Wisconsin Dells.

For the respondent the cause was submitted on the brief of *James R. Meier,* corporation counsel.

COFFEY, J. This is an appeal from a judgment of the circuit court for Columbia county denying the appellant's motion for reversal of the judgment of the county court or, in the alternative, a new trial.

In October of 1973, the appellant, Joseph Bylewski, and his wife, purchased a tract of land in Blackhawk Park in Columbia county from a group of investors developing that area. At the time of the land purchase, there was an old mobile home located on the property.

Prior to the appellant's purchase of the land, Columbia county, in 1966, enacted a zoning ordinance declaring the Blackhawk Park area to be a "Recreation District," thus limiting the types of buildings allowed in the district as to both construction and use.[1]

In December of 1973, two months after purchasing the property, the appellant replaced the existing nonconforming mobile home with another mobile home, thus termi-

---

[1] The applicable section of the Columbia County Code as it appeared at the time of the commencement of this action reads as follows:

"11.07 RECREATION DISTRICT. In the recreation district no building or premises shall be used and no building shall hereafter be erected, moved or structurally altered, unless otherwise provided for in this ordinance, except for one or more of the following specified uses:

"1. Single family homes for year round occupancy.

"2. Cottages for seasonable occupancy."

A "building," as that term is used in the Code, is defined in section 11.21 as follows:

"A structure having a roof supported by columns or walls. Each portion of a building separated by division walls from the ground up, without openings in those walls, is a separate building for the purpose of this ordinance, except that no part of said building shall contain in any part a trailer as defined in this section."

A "trailer" is defined as:

"Any vehicle, house, car, camp car, or any portable or mobile vehicle on wheels, skids, rollers or blocks, either self-propelled or propelled by any other means, which is used for [or] designed to be used for residential, living or sleeping purposes."

nating the nonconforming protection afforded the prior structure. In the year following, Bylewski erected a garage on the property without securing a building permit.

A year and a half later Columbia county commenced two actions[2] in the county court alleging:

1. That the appellant violated sec. 11.07 of the County Zoning Code by substituting a new mobile home for the old mobile home located on his property in the Blackhawk Park area; and

2. that the appellant violated sec. 11.13–3(a) of the County Zoning Code by constructing a garage on the property without obtaining a building permit.

A trial was held in the county court, pursuant to the procedure prescribed for small claims type actions in ch. 299 (1975), Stats., and the court found the defendant guilty as charged but declined to impose a forfeiture. At the trial, the county argued that when it enacted the ordinance declaring the Blackhawk Park area to be a recreation district, it exempted the mobile home, then and there located on the property as a nonconforming structure. The county admitted that although it was prohibited by sec. 59.97(10)(a), Stats., from preventing the continuance of a nonconforming use, it was empowered to limit alterations in excess of 50 percent of the assessed value of such nonconforming use structures. Furthermore, the county claimed that the appellant's removal of the old mobile home and its replacement with a new one, thus was an alteration of the old structure in excess of 50 percent of the assessed value and in violation of sec. 11.07 of the zoning code. The appellant contended that the old mobile home was only partly livable and therefore he was required to demolish the existing structure and

---

[2] A third action was commenced on October 24, 1975 alleging that the appellant violated sec. 4.42 of the Zoning Code which restricted the placement of fill in a flood prone area, but that action was subsequently dismissed by the court on grounds of insufficient proof and is not part of the present appeal.

replace it with a new building in order to make it habitable.

The appellant was also charged with a violation of sec. 11.13–3(a) of the zoning code for failing to obtain a building permit before constructing his garage valued at more than $250. The county argued that this ordinance should be interpreted to mean that a permit must be obtained for the building of any structure having an *assessed value* of more than $250. The appellant conversely contended that he was not required to obtain a permit because he had no knowledge of the ordinance, and secondly, the only expense he incurred was *for the materials* valued at less than $250. The record is silent as to any labor costs.

Following the hearing on December 11, 1975, the county court, in its written decision, ruled that the new mobile home structure was in violation of sec. 11.07 of the zoning code and also not protected as an existing nonconforming use structure. Furthermore, the court construed the zoning code to require a building permit for structures with an assessed valuation of more than $250 and, therefore, the appellant's failure to obtain a building permit for the garage was in violation of sec. 11.13–3 (a) and the court also directed the appellant to remove the mobile home and garage from his property before October 1, 1976.

The appellant, Bylewski, appealed to the circuit court, requesting an order reversing the judgment of the county court or, in the alternative, for a new trial.

The circuit court, following a review of the record and the briefs on file, affirmed the judgment of the county court and denied the appellant's request for a reversal of the county court's judgment or the granting of a new trial. The appellant appealed the circuit court judgment.

*Issues*

1. May a county court of limited authority, in a small claims type action brought pursuant to sec. 299.01(2),

Stats., to recover a forfeiture for violation of county zoning ordinances, also enforce compliance with the code by means of an injunctional order in the absence of statutory authority or equitable jurisdiction?

2. Did the appellant violate sec. 11.07 of the Columbia County Zoning Code by removing an existing mobile home protected as a nonconforming use structure from his property in a zoned "recreational district" and substituting a new structure involving an alteration (improvement) in excess of 50 percent of the assessed value?

3. Did the defendant violate sec. 11.13–3(a) of the Columbia County Zoning Code by failing to obtain a building permit before constructing a garage on his property?

The appellant contends that the county court was without authority in a small claims proceeding to issue an injunctional order. He also contends the court was without authority, *sua sponte,* to grant injunctional relief when the only relief requested by the county in the original complaints was for imposition of a fine not to exceed $200 for each ordinance violation.

■

Ordinarily, zoning ordinances may be enforced in numerous ways:

1. By refusing to issue building or occupancy permits where the construction on or use of the land in question fails to comply with the existing code;

2. by commencing a civil action to recover forfeitures for a violation of the ordinances;

3. by injunctional orders in a court of equitable jurisdiction. *See generally;* 82 Am. Jur. 2d, *Zoning and Planning,* sec. 242 at 774–75 (1976).

■

In the case at bar, the original complaints requested that the court impose a forfeiture not to exceed $200 for each ordinance violation. A statutory or ordinance forfeiture proceeding is usually an action by a governmental

unit for the recovery of a money penalty and enforceable in a civil action. 49 Op. Atty. Gen. 22 (1960) ; 36 Am. Jur. 2d, *Forfeitures and Penalties*, sec. 71 at 658 (1968). The municipality has a special interest in the enforcement of zoning ordinances that promote the public health, safety and general welfare, pursuant to sec. 59.97 (11), Stats.

In keeping with this general procedure, the Wisconsin Legislature enacted sec. 59.97, Stats., establishing a procedure for the enforcement of county zoning ordinances. Sec. 59.97 (11) reads as follows:

"PROCEDURE FOR ENFORCEMENT OF COUNTY ZONING ORDINANCE. The county board shall prescribe such rules and regulations and administrative procedures, and provide such administrative personnel as it may deem necessary for the enforcement of the provisions of this section, and all ordinances enacted in pursuance thereof. Such rules and regulations and the districts, setback building lines and regulations authorized by this section, shall be prescribed by ordinances which shall be declared to be for the purpose of promoting the public health, safety and the general welfare. Such ordinances shall be enforced by appropriate fines and penalties. Compliance with such ordinances may also be enforced by injunctional order at the suit of such county or the owner or owners of real estate within the district affected by such regulation."

Thus, in addition to the imposition of forfeitures, sec. 59.97 (11), Stats., also allows the enforcement of zoning ordinances by means of injunctional orders in the proper forum. A suit for an injunctional order differs from an action to recover a forfeiture in that an action for injunctional relief before a court of competent jurisdiction is an action in equity as opposed to a forfeiture action, which is a statutory action at law. As a general rule, a municipality is not entitled to obtain equitable relief to

enforce its ordinances *in the absence of a specific enabling statute,* unless there is a showing that such a violation constitutes a nuisance *per se* or threatens to destroy property rights. *Village of Wind Point v. Halverson,* 38 Wis.2d 1, 11, 155 N.W.2d 654 (1968). In *Pure Milk Products Coop. v. National Farmers Organization,* 90 Wis.2d 781, 280 N.W.2d 691 (1979) this court held that:

"The injunction is a preventive order, looking to the future conduct of the parties. To obtain an injunction, a plaintiff must show a sufficient probability that future conduct of the defendant will violate a right of and will injure the plaintiff. *The Kimberly & Clark Co. v. Hewitt,* 75 Wis. 371, 375, 44 N.W. 303 (1890). To invoke the remedy of injunction the plaintiff must moreover establish that the injury is irreparable, *i.e.* not adequately compensable in damages. *Ferguson v. Kenosha,* 5 Wis. 2d 556, 561, 93 N.W.2d 460 (1958). Finally, injunctive relief is addressed to the sound discretion of the trial court; competing interests must be reconciled and the plaintiff must satisfy the trial court that on balance equity favors issuing the injunction." *Id.* at 800.

However, *where a statute, such as sec. 59.97(11), Stats.,* authorizes a municipality or public entity to seek an injunction in order to enforce compliance with a county zoning ordinance, but says nothing about the injury caused, the municipality is *not* required to show irreparable injury before obtaining an injunction. 42 Am. Jur. 2d, *Injunctions,* sec. 48 at 788 (1969) ; E. McQuillin, 8A *Law of Municipal Corporations,* sec. 25.344 at 506 (3rd ed. 1976). Thus, an injunctional order may enjoin the unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance or use of a building, structure or land which is in violation of a zoning ordinance, but the terms and details of the injunction must be in accordance with equitable principles of fairness and justice and thus cause no more financial loss than would necessarily result from an effective enforcement of the ordinance

under the facts and circumstances of the situation as it exists. R. Anderson, 4 *American Law of Zoning,* sec. 27.-03 at 315–18 (2d ed. 1977). *See also:* Note, 18 Baylor L. Rev. 488 (1966).

The county argues that even though the county court had limited authority in this small claims type action, nevertheless, it had the authority to order the defendant to remove the mobile home and garage from his property. The county also claims that the trial court had authority, pursuant to sec. 270.57, Stats. 1973.[3] (now sec. 806.01 (1)) to grant the county the relief to which it was entitled even though it had not demanded such relief in its pleadings. We find the county's argument to be without merit on three grounds.

First, it is a basic rule of statutory construction that in construing statutes, effect is to be given, if possible, to each and every word, clause and sentence in a statute, and a construction that would result in any portion of a statute being superfluous should be avoided wherever possible. In addition, "[t]he purpose of statutory construction is to ascertain the intent of the legislature" and give effect to that intent. *In Matter of Estate of Walker,* 75 Wis.2d 93, 104, 248 N.W.2d 410 (1977); *Department of Revenue v. Milwaukee Refining Corp.,* 80 Wis.2d 44, 52, 257 N.W.2d 855 (1977). Sec. 59.97(11), Stats., provides that compliance with zoning ordinances shall be enforced in two ways. One way is by the imposition of appropriate fines and penalties, and the other by the bringing of a suit for an injunctional order. The right of injunctional

---

[3] Sec. 270.57, Stats. 1973, reads as follows:

"The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

relief is a separate and distinct form of remedy from forfeiture actions and thus should be specifically requested by the county in its complaint.[4] If the provision in the statute for "fines and penalties" were interpreted to encompass within its provision the right to injunctional relief, the subsequent sentence in sec. 59.97(11), specifically authorizing the enforcement of county ordinance by injunctional orders would be rendered superfluous, thus contrary to the basic rule of statutory and ordinance construction, and should be avoided.

Secondly, the actions for forfeitures in this case were brought pursuant to the small claims procedure of ch. 299. The object of the small claims procedure is the accomplishment of speedy and inexpensive justice. *Littleton v. Langlois,* 37 Wis.2d 360, 363, 155 N.W.2d 150 (1967). Historically, the small claims court was a part of the county court system and had the same jurisdiction as county courts but in respect to certain actions, such as replevins, evictions, forfeitures, provided a summary and expedited procedure. *Terry v. Kolski,* 78 Wis.2d 475, 498, 254 N.W.2d 704 (1977). The small claims procedure should be as summary as possible and time-consuming delays resulting from consideration of collateral issues should be avoided, otherwise the legisla-

---

[4] This is not to say that an action to recover a fine or penalty for the violation of a municipal zoning ordinance may never be brought in the same proceeding with a suit for injunctional relief. While the merger of law and equity did not abolish the essential differences between actions for legal and those for equitable relief, *Miller v. Joannes,* 262 Wis. 425, 428, 55 N.W.2d 375 (1952); *McLennan v. Church,* 163 Wis. 411, 417–18, 158 N.W. 73 (1916), there is no procedural prohibition which would impede a county from bringing a forfeiture action and a suit for injunctional relief in a single ordinary civil proceeding. However, each action must be pleaded separately and the two differing types of relief expressly requested in the complaint. *See:* sec. 802.04(2), Stats. 1977.

tive purpose of small claims type actions would be frustrated. The small claims procedure is a creation of the legislature and its authority is limited to those actions prescribed in sec. 299.01, Stats.,[5] A careful reading of sec. 299.01, reflects that this statute authorizes the bringing of actions to recover forfeitures but makes no provision for the granting of injunctional relief. Thus, the county court, in a small claims type proceeding, pursuant to sec. 299.01(2), was without authority to issue an injunctional order. For this court to grant the county court authority to order injunctional relief in a small claims type action, in the absence of statutory authority, would be contrary to the intent and wisdom of the legislature and thus expand the intent and scope of the small claims procedure. We refuse to grant such authority.

[5] "299.01 **Applicability of chapter.** Subject to the limitations of ss. 299.11 and 299.12, the procedure in this chapter shall be used in circuit court in the following actions:

"(1) EVICTION ACTIONS. Actions for eviction as defined in s. 299.40 regardless of the amount of rent claimed therein.

"(2) FORFEITURES. Actions to recover forfeitures except as a different procedure is prescribed in chs. 23, 66, 288 and 345, or elsewhere, and such different procedures shall apply equally to the state, a county or a municipality regardless of any limitation contained therein;

"(3) REPLEVINS. Actions for replevin under ss. 810.01 to 810.13 where the value of the property claimed does not exceed $1,000.

"(4) OTHER CIVIL ACTIONS. Other civil actions where the amount claimed is $1,000 or less, provided that such actions or proceedings are:

"(a) For money judgments only except for cognovit judgments which shall be taken pursuant to s. 806.25; or

"(b) For attachment or garnishment under chs. 811 and 812, except that ss. 811.09 and 812.01(2) shall not apply to proceedings under this chapter; or

"(c) To enforce a lien upon personalty; or

"(d) To recover a tax."

Thirdly, an action to recover a forfeiture and a suit seeking injunctional relief are fundamentally different in nature. In an ordinance violation, the municipality need only introduce the ordinance, and establish by a preponderance of the evidence, facts sufficient to demonstrate that the defendant has violated such ordinance before the court imposes a forfeiture. While, on the other hand, a suit for an injunctional order is addressed to the discretion of the court and requires that there be a balancing of the competing equities and interests involved. "The true inquiry in determining [whether to grant injunctional relief prohibiting the continuation of an unlawful use or the issuance of an order for the removal of a nonconforming building or structure] is whether the building or structure is legally usable (or modifiable and legally usable) and is intended to be used for a main or accessory use which is permitted by the applicable ordinance or by-law." *Town of Sterling v. Poulin*, 2 Mass. App. 562, 316 N.E. 2d 737, 739 (1974) ; *See also:* 82 Am. Jur. 2d, *Zoning and Planning*, sec. 252 at 787 (1976). "However, where it has been clear that the offending building or structure could not be utilized for any purpose permitted in the pertinent zoning district, relief has been extended to include an order for the removal of the building or structure." *Id.* at 739.

For these reasons we hold the county court in a small claims type action was without authority to issue any injunctional relief pursuant to ch. 299. Thus, the court erred when it ordered the appellant to remove the mobile home and garage from his property and we reverse.

Next, the appellant contends that he was not in violation of sec. 11.07 of the zoning code when he substituted a new mobile home for the old mobile home in an area zoned as a "recreational district." Sec. 11.07 of

the zoning code provided that no "building" shall be "erected, moved or structurally altered" (in excess of 50 percent of the assessed value in this case) on property in a recreation district unless it is used as a single-family home for year-round occupancy or as a cottage for seasonable occupancy. A "building" is defined in sec. 11.21 of the zoning code as a structure having a roof supported by columns or walls but which is not a "trailer" as that term is defined in the code.[6]

When construing a legislative enactment, whether it be state law or municipal ordinance, the general objective is to ascertain and give effect to the respective legislative intent reflected in the language: "Ordinances, like statutes, are to be construed according to their intent." *Missionaries of La Salette v. Village of Whitefish Bay,* 267 Wis. 609, 618, 66 N.W.2d 627 (1954) ; E. McQuillin, 6 *Law of Municipal Corporations,* sec. 20.42 at 111 (3rd ed. 1969). The intent of a given section of an ordinance must be derived from the ordinance as a whole. *Smith v. City of Brookfield,* 272 Wis. 1, 5, 74 N.W.2d 770 (1956). Moreover, an ordinance "must be confined to such subjects or applications as are obviously within its terms and purposes, but it does not require such an unreasonably technical construction that words cannot be given their fair and sensible meaning in accord with the obvious intent of the legislative body." E. McQuillin, 6 *Law of Municipal Corporations,* sec. 20.49 at 133 (3rd ed. 1969). The obvious intent of the Columbia county board in enacting sec. 11.07 was to limit the type and use of structures in a "recreation district" to those structures which could be classified as a "building" as

---

[6] A "trailer" is defined as:

"Any vehicle, house, car, camp car, or any portable or mobile vehicle on wheels, skids, rollers or blocks, either self-propelled or propelled by any other means, which is used for [or] designed to be used for residential, living or sleeping purposes."

that term is defined in the ordinance. In view of the general rule of statutory construction,[7] *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another) which provides that ". . . the express mention of one matter excludes other similar matters not mentioned,"[8] all structures not classifiable as a building, such as trailers or mobile homes, are prohibited from recreation districts pursuant to the ordinance. The question that remains is whether the appellant's mobile home qualifies as a building and thus the type of structure permitted by ordinance to be located on property in a "recreation district" or is it a structure prohibited by the ordinance.

On appeal the appellant contends that because the mobile home was mounted on a foundation, which consisted of concrete posts or footings, concrete block and iron reinforcements, it falls outside of the definition of "trailer" as set forth in the ordinance. A mobile home is defined in the ordinance as a "portable or mobile vehicle on wheels, . . . blocks, either self-propelled or propelled by any other means" and used for residential housing or sleeping purposes and thus falls within the definition of trailer as set forth in sec. 11.21 of the zoning code. The fact that it is anchored to the property by posts or set on concrete blocks does not remove it from the "trailer" classification in the ordinance. Since a mobile home is a trailer, it does not qualify as a building as that term is defined in the zoning code.

It should be pointed out that the county did not have the authority to order the appellant to remove the old

---

[7] The rules for the construction of statutes and municipal ordinances are the same. *Ashland Water Co. v. Ashland County*, 87 Wis. 209, 211, 58 N.W. 235 (1894).

[8] *Teamsters Union Local 695 v. Waukesha County*, 57 Wis.2d 63, 67, 203 N.W.2d 707 (1973); cf. C.J.S., *Statutes*, p. 668, §333.

mobile home situated on the property when he purchased it because it was located on the property prior to the municipality's enactment of sec. 11.07 and thus was exempt from the ordinance restriction as a nonconforming use.[9] However, when the appellant demolished and removed the old mobile home and substituted it with a new one, he thus made alterations in excess of 50 percent of the assessed value of the nonconforming structure, and therefore lost the protection of the nonconforming use doctrine and the ordinance, limiting the type of structures located on land in a "recreation district," became applicable to the new mobile home.

Therefore, we hold the trial court's finding that the appellant was in violation of sec. 11.07 of the County Zoning Code was not "against the great weight and clear preponderance of the evidence" and thus its findings will not be set aside on appeal. *City of Madison v. Geier,* 27 Wis.2d 687, 690, 135 N.W.2d 761 (1965).

At trial the appellant also contended that he did not violate sec. 11.13–3(a) of the County Zoning Code by not obtaining a building permit prior to erecting a garage on his property because the *cost* of the materials to build the garage was less than the $250 figure set forth in sec. 11.3–3(a) of the zoning code. The trial court ruled that the ordinance required a building permit whenever the assessed value of the proposed structure exceeds $250 and thereby found the defendant to

---

[9] A "non-conforming use" means a use which not only does not conform to the general regulation or restriction governing a zoned area but which also existed at the time that the regulation or restriction went into effect and has continued to exist without abandonment since that time. In other words, it is a use that existed and was lawful when the restriction became effective and which has continued to exist since that time. *City of Lake Geneva v. Smuda,* 75 Wis.2d 532, 536–37, 249 N.W.2d 783 (1977); *Walworth County v. Hartwell,* 62 Wis.2d 57, 60, 214 N.W.2d 288 (1974).

be in violation of the ordinance because he did not obtain a permit. On appeal the appellant has abandoned the argument that he did not violate sec. 11.13–3(a) of the zoning code in the following language:

"The defendant must concede that he did not apply for a permit to construct the garage, as was required by section 11.13–3(a) of the county code, and must concede further that his ignorance of that requirement does not, of itself, afford a valid defense or excuse. But he does maintain that under this record, the county court should not have directed the removal of the garage, for the same reasons advanced in part I of this argument—namely, that the complaint did not request an injunctional order ("compliance") requiring such removal, and that even assuming, for argument purposes only, that the county court might have properly adjudged that the defendant be required to comply with the ordinance in that regard, the judgment should have gone no further than to direct the defendant to apply for and secure a building permit, in addition to any forfeiture that the court might have seen fit to impose, or in default of such application, be then required to remove the garage, and also be subject to possible contempt proceedings for ignoring the court's judgment to that effect, it being self-evident that a proceeding for an 'injunctional order' for violation of the ordinance is a proceeding for a mandatory injunction."

Thus, the appellant concedes that he violated sec. 11.13–3(a) of the zoning code and we agree. Therefore, we affirm the judgment of the trial court and hold that the appellant violated sec. 11.13–3(a) by not obtaining a building permit before constructing the garage.

Lastly, the appellant raises the argument for the first time on appeal that sec. 11.07 of the zoning code is unconstitutional as an arbitrary regulation of private property. This court has held that as a general rule it will not consider issues not raised in the trial court but raised for the first time on appeal. However, we have also

reserved the discretionary power to consider an issue raised for the first time on appeal in the proper case. *Arsand v. City of Franklin*, 83 Wis.2d 40, 55, 264 N.W.2d 579 (1978). We hold this not to be a proper case in which to exercise our discretion and thus decline to consider the issue of the constitutionality of the ordinance.

*By the Court.*—Judgment reversed in part; affirmed in part and cause remanded for further proceedings consistent with this opinion. No appeal costs to be taxed.