421 So.2d 473 (1982)
Jerry D. KIRK, Plaintiff and Appellant,
v.
TOWN OF WESTLAKE, et al., Defendants and Appellees.
No. 82-201.
Court of Appeal of Louisiana, Third Circuit.
October 22, 1982.
Jerry D. Kirk, Lake Charles, for plaintiff-appellant.
John L. Van Norman, III, Lake Charles, for defendant-appellee.
*474 Before DOMENGEAUX, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
This is a zoning ordinance case. It was filed in the District Court, and because that court declared a city ordinance unconstitutional, it was appealed directly to the Louisiana Supreme Court pursuant to Louisiana Constitution Article V, § 5(D) (1974). That court, finding the ordinance constitutional, then remanded it back to the trial court for consideration of the possible improper promulgation of certain ordinances of the Town of Westlake, Louisiana. A similar case, with the same parties, was previously before us and disposed of as will be shown hereinafter.
Plaintiff, Jerry D. Kirk, owns a 7.4 acre tract of land in the Town of Westlake, upon which he wishes to construct a "mobile home park". The tract of land is presently zoned for use for the construction of single or multi-family residences. Plaintiff first sought to obtain a building permit for the "mobile home park" from the Defendants in 1979. His application was refused. Plaintiff then filed suit in the Fourteenth Judicial District Court, seeking a declaratory judgment and writ of mandamus, asking that the Court compel the Town to change the zoning classification of his property. The trial court ruled the Town's action to be incorrect and the Town then appealed. This court held that the Town was correct in denying Plaintiff's application for re-zoning. Kirk v. Town of Westlake, 373 So.2d 601 (La.App. 3rd Cir.1979), rehearing denied, writ denied 376 So.2d 1268 (La.1979).
Plaintiff then filed the present suit, again in the Fourteenth Judicial District Court, seeking to have Ordinance No. 204 of the Town of Westlake declared unconstitutional. The trial court found the ordinance to be constitutionally impermissible for lack of proper standards. The Town appealed to the Supreme Court of this State, which held, in Kirk v. Town of Westlake, 387 So.2d 1157 (La.1980) that Ordinance No. 204 was constitutional, and remanded the case to the trial court for further consideration of Plaintiff's other contention, that the ordinance prohibiting the use of his land as a mobile home park were improperly promulgated and, therefore, null.
The trial court, considering the case after remand, found that the original zoning ordinance, No. 186, "clearly prohibits" the construction of the mobile home park as desired by Plaintiff, as would the later ordinance, No. 204. Plaintiff now appeals that ruling to this court.
The Town of Westlake first promulgated a zoning code, Ordinance No. 186, adopted by the Mayor and Board of Aldermen, on the 19th day of October, 1968. Notice of the adoption of the ordinance was posted in the WESTLAKE/MOSS BLUFF NEWS on April 25, May 2, and May 9, 1979. (There appears to be some confusion about the proper dates of adoption and publication, but the record reflects that both parties stipulated that Ordinance No. 186 was passed twenty days after publication). That ordinance contained several definitions, those pertinent to this case are as follows:
Building: Any structure having a roof supported by columns or by walls and intended for the shelter, housing, or enclosure of persons, animals or chattel.
Dwelling: Any building which is designed for or used exclusively for residential purposes. For the purpose of this Ordinance such buildings shall have a minimum area of 800 square feet.
Trailer: Any vehicle, covered or uncovered, used for living, sleeping, business or storage purposes, having no foundation other than wheels, blocks, skids, jacks, horses, or skirtings and which is, has been, or reasonably may be equipped with wheels or other devices for transporting the vehicle from place to place, whether by motive power or other means. The term "trailer" shall include camp, car and house car.
Trailer park: An area providing spaces where one (1) or more auto trailers can be or are intended to be parked, with *475 flush toilet and bathing facilities provided on the site.
Also included in Ordinance No. 186, in Article IX, were provisions for amending, supplementing or changing the zoning ordinance. Some of these provisions were that a public hearing must be held on the proposed changes, notice of the changes were required to be published once each week in the official town journal for three different weeks, with a required lapse of twenty days between the first publication and the hearing. These provisions allowed that the above procedures need not be followed if an entire new ordinance was to be enacted, but that LA-R.S. 33:4721 through 4730 would control. For our purposes, the most pertinent provision of these statutes is the requirement of a public hearing on the proposed new ordinances, and a publication of notice of hearing for three weeks in the official journal of the municipality.
Ordinance No. 204 was adopted by the Town Council on November 9, 1970. The record reflects that the proper procedures for its adoption were not followed. Therefore, it is null and void. Talbert v. The Planning Commission, City of Bogalusa, 230 So.2d 920 (La.App. 1st Cir.1970). That being so, we must look to Ordinance No. 186 to see if Plaintiff can construct a mobile home park.
Plaintiff's property, as previously stated, is zoned for single or multiple family dwellings. Plaintiff contends that a "dwelling" is a "building" and that a "mobile home" is a building, therefore, his property is properly zoned for the construction of a "mobile home park". At first blush, the definition of "dwelling" as contained in Ordinance No. 186 would seem to include the increasingly popular form of housing now called "mobile homes". However, the town fathers of Westlake specifically excluded from their definition of "dwelling" such shelters with their definition of "trailer".
We agree with the trial court that Plaintiff's contention that a mobile home is a building and not a trailer cannot be supported. The name, "mobile home", while perhaps more glamorous than "trailer", is explicit that these shelters can be transported, either under their own power or by other means. They are in fact designed and sold for that very purpose  to provide shelter that is easily transported from place to place. As such, they fall into the definition of "trailer" as set out in Ordinance No. 186 of the Town of Westlake. That same ordinance prohibits these forms of shelter from being placed on Plaintiff's property. Therefore, the ruling of the trial court is affirmed, at Appellant's costs.
AFFIRMED.