Chalkley J. HAMBLETON, Sydney J. Harris, Duncan Thorp, Elmer J. Winter and the Gibralter Township Property Owners Association, Inc., a Wisconsin corporation, Plaintiffs-Respondents,

v.

Ralph T. FRIEDMANN, Jr., Elizabeth E. Friedmann, James Building Corporation, a foreign corporation, and North Point Development Corporation, a Wisconsin corporation, Defendants-Appellants,

DOOR COUNTY, a body corporate, Door County Board of Supervisors, Door County Resource Planning Committee, Defendants-Respondents.

Court of Appeals

*No. 83–134. Submitted on briefs October 31, 1983.—*
*Decided January 24, 1984.*
(Also reported in 344 N.W.2d 212.)

For the appellants the cause was submitted on the briefs of *Pinkert, Smith, Koehn & Weir* and *Roger Pinkert* of Sturgeon Bay.

For the respondents the cause was submitted on the brief of *La Follette, Sinykin, Anderson & Munson* of Madison.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J.  Ralph and Elizabeth Friedmann, James Building Corporation, and North Point Development Corporation (appellants) appeal a judgment and an order that invalidates a conditional use zoning permit that the Door County Resource Planning Committee issued. The action was before the trial court on remand from this court. *Hambleton v. Friedmann*, No. 80–1366, slip op. (Wis. Ct. App. July 28, 1981). Appellants contend that the trial court wrongly interpreted the applicable local zoning ordinance. They also make several other contentions that were raised in the earlier appeal. Because the trial court correctly interpreted the ordinance and because the other issues were decided by our earlier decision, we affirm the judgment and the order.

James applied for and received a conditional use zoning permit to build condominiums on property zoned for single-family residences. A public hearing was held on the application, but no notice of the hearing was posted in the vicinity of the conditional use. The local zoning ordinance required the notice to be "posted in the vicinity of the conditional use where practical." Door County Zoning Ordinance sec. X. Our earlier decision remanded this action to have the trial court determine whether posting was practical. On remand, the trial court found that posting was practical and, since no notice was posted, it invalidated the conditional use permit.

We agree with the trial court that the ordinance requires notice to be posted where a posting is physically possible. The meaning of an ordinance is a question of law that we independently decide. *See First National Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208,

260 N.W.2d 251, 253 (1977). The rules for the construction of statutes and ordinances are the same. *County of Columbia v. Bylewski,* 94 Wis. 2d 153, 163 n. 7, 288 N.W.2d 129, 137 n. 7 (1980). In construing statutes, effect must be given, if possible, to every word. *Id.* at 164, 288 N.W.2d at 135.

The ordinance required posting "where practical." If the ordinance was intended to mean, as the appellants contend, that posting was required only when useful, the ordinance would have required posting "when practical" or "if practical." The only reasonable interpretation of the phrase is, as the trial court concluded, that notice had to be posted where it was physically possible to post.

The other issues the appellants raise were effectively decided by our earlier decision. We will not reconsider the merits of arguments considered in the first appeal. *See Fehrman v. Smirl,* 25 Wis. 2d 645, 649, 131 N.W.2d 314, 316 (1964). Appellants again contend that the notice requirement is directory, not mandatory, and that the local authorities waived the requirement by their failure to comply with it. Our earlier decision held "if such posting is practical, then this notice must be given for the subsequent proceedings to be valid." Since posting was practical, the notice is mandatory.

The claims that the respondents failed to exhaust their administrative remedies and that they are estopped from challenging the lack of notice were also rejected by our prior decision to remand. If the trial court was without jurisdiction, we would not have remanded the cause to that court. If the respondents were estopped from challenging the lack of notice, no determination of the practicality of posting would have been required.

*By the Court.*—Judgment and order affirmed.

FOLEY, P.J. (dissenting). I would reverse the judgment and remand this matter for a determination of

whether posting would have served any useful purpose. If the court determines that posting would not have been uesful, it should dismiss the respondents' action. Additionally, even if posting would have served a useful purpose, the respondents should not be granted relief unless they can show that they were prejudiced by the failure to post.

The majority's conclusion that posting is required whenever it is physically possible renders the words "where practical" superfluous. It is always possible to post. If there are no trees on the property, a sign may be posted. Even a swamp may be posted by floating a raft with the notice attached. The rules of construction require that every word of the ordinance have meaning and that a superfluous construction be avoided. *County of Columbia v. Bylewski,* 94 Wis. 2d 153, 164, 288 N.W.2d 129, 135 (1980).

A more reasonable construction is provided by Webster's Third New International Dictionary to which Door County looks in defining terms in its zoning ordinance. Door County Zoning Ordinance sec. XI. Webster defines "practical" as "valuable in practice or action . . . USEFUL . . . ." Webster's Third New International Dictionary 1780 (1976). Under this definition, posting would be unnecessary if it was unlikely that any potentially interested party would read the posted notice. That possibility existed here. The land was an undeveloped tract on the outskirts of Fish Creek and, although it was adjacent to State Highway 42, there was no sidewalk. Inasmuch as the posting would have taken place in early February, it is probable that a party would have had to trudge through snow to read the posted notice.

Also, Door County has not followed its posting ordinance for ten years. The posting requirement was in addition to the notice required by state statute. If the respondents cannot show that they were prejudiced by

Door County's failure to post notice, the county's failure should not invalidate its action. *See Hallenborg v. Town Clerk*, 275 N.E.2d 525, 530 (Mass 1971) ; *Putney v. Township of Abington*, 108 A.2d 134, 140 (Pa. Super. Ct. 1954). The question of whether the respondents were in any way prejudiced by Door County's failure to post has not been addressed by the trial court or previously addressed by this court. Consideration of this issue is therefore not barred by the law of the case doctrine.