E.T. HANSMAN, Plaintiff-Appellant,

V.

ONEIDA COUNTY, John Vanney, Oneida County Zoning
Administrator, and the Oneida County Board of
Adjustment, Defendants-Respondents.†

Court of Appeals

No. 84–1155. Argued February 27, 1985.—Decided March 26, 1985.
(Also reported in 366 N.W.2d 901.)

† This petition was not decided at the time the volume went to
press. Its disposition will be reported in a later volume.

For the appellant there were briefs by *Howard T. Healy, Charles K. Krombach* and *Di Renzo and Bomier* and oral argument by *Howard T. Healy* of Neenah.

For the respondents there was a brief and oral argument by *Lawrence R. Heath,* corporation counsel for Oneida County, of Rhinelander.

Before Cane, P.J., Dean and LaRocque, JJ.

DEAN, J.   E.T. Hansman appeals an order affirming the Oneida County Board of Adjustment's decision that Hansman's structure in the Town of Minocqua is a "mobile home," which is prohibited in the town except in trailer parks. The trial court also ordered Hansman to remove the structure. Because we conclude that Hansman's structure is a "building" and not a "mobile home" as those terms are defined in the Oneida County Zoning and Shorelands Protection Ordinance, we reverse the trial court's order and remand with directions to set aside the order of the board.[1]

---

[1] In addition to the ordinance construction issue, Hansman argues that the board's action was arbitrary and capricious, and that the trial court exceeded its authority in this certiorari review by ordering the structure removed. He also argues that, if the zoning ordinance is interpreted to include his structure within the definition of "mobile home," the ordinance is unconstitutionally vague and violates equal protection; he also argues that the appropriate standard of constitutional review is whether the ordinance bears a real and substantial relation to its alleged purpose. Our construction of the zoning ordinance in Hansman's favor makes it unnecessary to address these questions. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938); *Grogan v. PSC,* 109 Wis. 2d 75, 77, 325 N.W.2d 82, 83 (Ct. App. 1982).

Hansman obtained a zoning permit to place a modular home on his property. Shortly after he installed the structure, the assistant county zoning administrator informed him that the structure was a prohibited "mobile home" rather than a "modular home." The assistant zoning administrator ordered Hansman to remove the structure within thirty days or face the issuance of citations. Hansman appealed the order to the board pursuant to sec. 59.99(4), Stats. After the board affirmed the administrator's order, Hansman commenced this certiorari action. Section 59.99(10), Stats.

The structure was taken to Hansman's property on its own structural steel undercarriage. At the site, the transportation undercarriage and trailer hitch were removed. The structure is affixed to a foundation of cement block and is connected to utilities. The septic system is installed in the only access route and would be destroyed by the heavy equipment required for removal. The structure has a wood frame, and a modular addition was transported to the site within the larger unit.

"Modular home," the term used in the zoning permit, is not defined in the county zoning ordinance. Rather, the county relies on the terms "building" and "mobile home" to classify structures. A building is "any structure used, designed or intended to be used for the protection, shelter or enclosure of persons, animals or property." It is clear that Hansman's structure is intended for the protection, shelter and enclosure of persons.

A "building," however, may not be or include a "mobile home" as that term is defined in sec. 9.42 of the county zoning ordinance. Section 9.42 defines mobile home as any "vehicle, house car, camp car, bus, truck, automobile, or any portable or mobile vehicle on wheels which either is or was originally designed to be either self-propelled or propelled by any other means and which is used or was designed to be used for residential,

living or sleeping purposes." To be a permitted modular home, therefore, the structure must not be a "mobile home." Whether the structure is a "mobile home" requires interpretation of the ordinance.

The construction of the ordinance under the facts of record is a question of law. *Browndale International Ltd. v. Board of Adjustment*, 60 Wis. 2d 182, 200, 208 N.W.2d 121, 130 (1973); *Missionaries of Our Lady of La Salette v. Village of Whitefish Bay*, 267 Wis. 609, 617, 66 N.W.2d 627, 632 (1954); *Hambleton v. Friedmann*, 117 Wis. 2d 460, 461, 344 N.W.2d 212, 213 (Ct. App. 1984). Although the board's interpretation may be entitled to some weight, we need not accept its interpretation. *County of Sauk v. Trager*, 118 Wis. 2d 204, 215–16, 346 N.W.2d 756, 761–62 (1984). Because the board merely concluded that the structure was a mobile home without stating its reasoning or construction of the ordinance, we will interpret the ordinance *ab initio*.

Public policy favors the free and unrestricted use of property. *Crowley v. Knapp*, 94 Wis. 2d 421, 434, 288 N.W.2d 815, 822 (1980). Accordingly, restrictions contained in a zoning ordinance. must be strictly construed. *Id; Missionaries*, 267 Wis. at 614, 66 N.W.2d at 630. A provision of a zoning ordinance, which operates in derogation of the free use of property, must be in clear, unambiguous, and peremptory terms. *Cohen v. Dane County Board of Adjustment*, 74 Wis. 2d 87, 91, 246 N.W.2d 112, 114 (1976).

Cases occasionally state that zoning ordinances are to be liberally construed in favor of the municipality. *State ex rel. B'nai B'rith Foundation v. Walworth County Board of Adjustment*, 59 Wis.2d 296, 304, 208 N.W.2d 113, 117 (1973). The source of this rule, however, is sec. 62.23(7), Stats. *Hearney v. City of Oshkosh*, 47 Wis. 2d

303, 307, 177 N.W.2d 74, 76 (1970). *B'nai B'rith* does not stand for the liberal construction of terms in a county zoning ordinance enacted under sec. 59.97, Stats. *Cohen*, 74 Wis. 2d at 91, 246 N.W.2d at 114. Unless the structure is unambiguously a "mobile home" under the county zoning ordinance, use of the structure is not prohibited. *See id.* at 92, 246 N.W.2d at 114.

The county does not allege that Hansman's structure is a house car, camp car, bus, truck, or automobile. Rather, the structure is alleged to be a "portable or mobile vehicle on wheels." The county argues that sec. 9.42 provides a two-part test to determine whether a "portable or mobile vehicle on wheels" is a "mobile home." The structure must be designed to be mobile and must be intended for residential, living, or sleeping purposes. Hansman argues that the ordinance requires current mobility. He admits that the structure was designed to be transported to the property and was once mobile, but he argues that the structure is now no more mobile than a conventional home. He alleges that the assistant zoning administrator told him that, if the structure could not be moved after installation, it would be considered a modular home.

Although the county's test is correct, the county fails to suggest any meaning for the additional requirement that the structure first be a "portable or mobile vehicle on wheels." Strictly construing the ordinance, we conclude that the county intended to prohibit only those vehicles that are transitory and lack the permanency conducive to well-ordered community development. *See Town of Yorkville v. Fonk*, 3 Wis. 2d 371, 376, 88 N.W. 2d 319, 322 (1958). "Portable" is defined as "capable of being carried: easily or conveniently transported." Webster's Third New International Dictionary 1768 (Unabridged 1976). "Mobile" is similarly defined. *Id.* at 1450. The basic requirement of portability or mobility

is reemphasized by the ordinance's reference to a vehicle "on wheels." The ordinance refers to no other type of foundation. House car, camp car, bus, truck, automobile, and any portable or mobile vehicle on wheels refers to those vehicles or structures that can be quickly relocated from one place to another.

Hansman's structure is not a portable or mobile vehicle on wheels. Hansman has acted to remove the structure from the scope of the ordinance. The structure is no longer portable or mobile, but is affixed to a foundation on Hansman's property and is connected to various utilities. Nor is the structure "on wheels." The trial court noted that, at Hansman's direction, the hitch, wheels and axle were cut from the structure.

Other jurisdictions have adopted the same construction of similarly worded ordinances. *See Douglass Township v. Badman,* 213 A.2d 88, 89 (Pa. 1965) (mobile home was defined as "any portable structure or vehicle, titled or registered as a vehicle, so constructed and designed as to permit occupancy") ; *Morin v. Zoning Board of Review,* 232 A.2d 393, 394 (R.I. 1967) (mobile home was defined as "any vehicle or similar portable structure . . . so designed and constructed that it is or may be mounted on wheels").

Greater specificity is required in the ordinance if the county intends to limit the placement of structures like the one involved in this case. A Columbia County zoning ordinance mentions a "portable or mobile vehicle on wheels, skids, rollers or blocks." *County of Columbia v. Bylewski,* 94 Wis. 2d 153, 158 n. 1, 288 N.W.2d 129, 132 n. 1 (1980). Our supreme court specifically referred to the "on blocks" part of the definition in concluding that anchoring the structure by posts or blocks did not remove it from the "trailer" classification in the ordinance. *Id.* at 169, 288 N.W.2d at 137. Section 66.058, Stats., which permits municipal licensing of mobile home parks, de-

fines "mobile home" to include foundations. Ordinances in other jurisdictions also unambiguously refer to more than portable vehicles on wheels. *See Adams v. Cowart,* 160 S.E.2d 805, 808 (Ga 1968) (mobile home has no foundation other than wheels or jacks, or stacked cement blocks) ; *Cole v. City of Osceola,* 179 N.W.2d 524, 529 (Iowa 1970) (mobile home includes vehicles having no permanent foundation and supported by wheels, jacks, or similar supports) ; *Kirk v. Town of Westlake,* 421 So. 2d 473, 474 (La App 1982) (trailer has no foundation other than wheels, blocks, skids, jacks, horses, or skirtings).

Hansman's structure, therefore, is a "building" permitted by the county zoning ordinance in the Town of Minocqua. Hansman is entitled to use the building, and the trial court is directed to set aside the order of the board.

*By the Court.*—Order reversed and cause remanded with directions.