TOWN OF BREWSTER *vs.* GEORGE S. SHERMAN, JUNIOR.

Barnstable.   January 2, 1962. — February 9, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Trailer. Zoning,* Trailer.

A town's zoning by-law prohibiting residence "in any trailer . . . except in an existing commercial trailer park or camp" prohibited residence in a trailer elsewhere in the town even though the trailer was immobile and was permanently affixed to the land and connected with the customary utilities.

BILL IN EQUITY, filed in the Superior Court on July 13, 1961.

The suit was heard by *Hudson, J.*

*Myron D. Cohen,* for the defendant.

*Frank W. Lowe, Jr.,* for the plaintiff.

CUTTER, J.  Sherman, "a public school teacher — and life-long resident of Barnstable County," acquired a half acre tract of land in Brewster in an area zoned for single family residences and not a part of a then existing commercial trailer park or camp.  He placed upon this land a mobile metal and wood trailer, eight feet by thirty feet in area.  The trailer contained a living room, bedroom, equipped kitchen, and conventional bathroom.  Sherman intended to transform the trailer into an immovable single family residence, permanently affixed to the land by means of a cement block foundation and connected to water, electricity, and a sewerage disposal system.  He began construction of a concrete foundation, drove a well, installed electricity, an electric pump, and water tank, built a cesspool with underground drainage pipes leading from the trailer, built an access road, and did some landscape work.

The town's zoning agent "denied . . . [Sherman] permission to reside in his trailer" on the ground that it was in violation of § III (6) of the Brewster zoning by-law which

reads, "No premises in . . . Brewster shall be used for
. . . . (6) Residing in any trailer or tent on any parcel of
land except in an existing commercial trailer park or camp."
It is stipulated that § III (6) is the only applicable provi-
sion of the zoning by-law.

Sherman's land is "within . . . 300 feet of a large . . .
concrete and cement block manufacturing plant." In the
immediate area there are "five single family residences,"
four of which were converted from mobile trailers and the
fifth is the usual conventional type frame house. All were
on the land prior to the enactment of the zoning by-law.[1]

Sherman was denied a variance by the Brewster zoning
board of appeals. The record does not indicate that any
appeal has been taken from this denial under G. L. c. 40A,
§ 21 (as amended through St. 1960, c. 365), although a
criminal complaint against Sherman in the District Court
"has been continued pending" the decision in the present
case. Since the enactment of the zoning by-law "no per-
mission has . . . been granted to others seeking to live in
a trailer structure . . . [in] like circumstances."

The town brought this bill in equity to enjoin the use of
Sherman's premises in violation of the by-law and to re-
quire the removal of the trailer. The facts were agreed.
It was stipulated that the "central issue . . . is the inter-
pretation . . . [of] 'trailer' " in § III of the by-law and
"specifically, whether a mobile home trailer continues to
remain a 'trailer' when its mobility and transiency have
been destroyed and it has been placed upon a concrete
foundation . . . and equipped with the usual home utili-
ties." The trial judge in the Superior Court ruled "that
the occupation of the trailer structure is in violation" of
the by-law and the purpose of G. L. c. 40A, § 3 (inserted by
St. 1954, c. 368, § 2). A final decree was entered that Sher-
man cease occupying the trailer as a residence and that he
remove the trailer. Sherman appealed.

The case is governed by *Manchester* v. *Phillips, ante,*

---

[1] No contention is made that placing this land in a single family residence
zone was improper.

p. 591. Brewster has used appropriate language in its bylaw to exclude trailers from areas other than existing commercial trailer parks or camps. We hold that the prohibition of residence in "any trailer or tent," contained in § III (6), taking the words in their most natural sense, sufficiently describes this type of trailer or mobile home unit whether it be still mobile or affixed with substantial permanence to the land.

*Decree affirmed.*