TOWN OF STERLING *vs.* MAURICE G. POULIN & another. [1]

Worcester.   September 9, 1974. — October 3, 1974.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Zoning,* Enforcement.   *Equity Pleading and Practice,* Decree.

Before a court orders the removal of a structure erected for a use prohibited by a preëxisting zoning ordinance, or by-law, inquiry must be made whether the structure can and will be converted to a permitted use.   [565]

BILL IN EQUITY filed in the Superior Court on August 26, 1970.

The suit was heard by *Meagher,* J., on a master's report.

*Charles G. Kadison, Jr.,* for the defendants.

*Thomas J. Donahue, Jr.,* for the plaintiff.

GRANT, J.   The defendant has appealed from a final decree of the Superior Court entered on a bill brought by

---

[1] Beverly A. Poulin, wife of Maurice G. Poulin, who will be referred to in the body of this opinion as if he were the sole defendant.

the town of Sterling (town) pursuant to G. L. c. 40A,
§ 22, inserted by St. 1954, c. 368, § 2, to enforce the
provisions of the zoning by-law[2] adopted by the town in
1957.[3]   The defendant's property is located in a "Rural
Residence and Farming" district, in which the main and
accessory uses other than residential which are expressly
permitted by the by-law are somewhat limited.   The
master, whose report was confirmed without objection,
found that the defendant was using a portion of his
property (through various corporations) for the conduct
of substantial construction and plumbing businesses.
The final decree enjoined the defendant from using or
allowing the use of his property for those business
purposes, ordered the removal from the property of
several specific buildings and structures which had been
erected since 1957 and had thereafter been used in
connection with one or both of the businesses, and
ordered the removal of certain equipment and supplies
similarly used.

The defendant's appeal is limited to so much of the
decree (paragraph 4) as ordered the removal of a
so-called "pole barn"[4] erected by him in 1967.   He no
longer denies that he has made uses of his property which
are not permitted by the by-law; nor does he quarrel
with the injunction against the continuation of such uses.

[2] Section 22 reads in pertinent part:   "The superior court shall have
jurisdiction in equity to enforce the provisions of . . . [The Zoning
Enabling Act], and any ordinances or by-laws adopted thereunder,
and may restrain by injunction violations thereof . . .."   We are not
here concerned with the proviso to the foregoing which was added by
St. 1970, c. 678, § 1.

[3] The record indicates that the by-law has been amended on several
occasions since 1957.   We proceed, as the master appears to have
done, on the assumption that none of the amendments is material to
the present proceedings.

[4] The master described the pole barn as a building which "has no
foundation, and has upright poles with roof trusses and a metal
covering."   The defendant's application for a building permit stated

He now points[5] to certain main and accessory uses expressly permitted by the by-law which are suggested by the characterization of the pertinent zoning district as "Rural Residence and Farming" and urges from the existence of those permitted uses that the relief granted should not have included an order for the removal of the pole barn.

A review of the cases brought under G. L. c. 40A, § 22 (or under corresponding provisions of earlier law), discloses that the relief granted with respect to an unlawful use of a building or other structure which has been erected since the adoption of the pertinent zoning ordinance or by-law has ordinarily taken the form of a simple injunction against the continuation of the unlawful use. See *Inspector of Bldgs. of Burlington* v. *Murphy*, 320 Mass. 207, 207-208, 211 (1946); *Building Inspector of Falmouth* v. *Gingrass*, 338 Mass. 274, 274, 277 (1959); *Chicopee* v. *Jakubowski*, 348 Mass. 230, 230-231, 232 (1964). However, where it has been clear that the offending building or structure could not be utilized for any purpose permitted in the pertinent zoning district, relief has been extended to include an order for the removal of the building or structure. See *Seekonk* v. *Anthony*, 339 Mass. 49, 55 (1959); *Manchester* v. *Phillips*, 343 Mass. 591, 597 (1962); *Brewster* v. *Sherman*, 343 Mass. 598, 599, 560 (1962); *Bridgewater* v. *Chuckran*, 351 Mass. 20, 24 (1966). Compare *Carpenter* v. *Zoning Bd. of Appeals of Framingham*, 352 Mass. 54, 61 (1967) (proceedings under G. L. c. 40A, § 21); *Crawford* v. *Building Inspector of Barnstable*, 356

---

that the building (twenty-seven feet by sixty feet) would have no heat, plumbing or sanitary facilities. A photograph of the exterior of the structure as viewed by the judge who ordered the entry of the final decree discloses an elongated metal clad garage or storage-type building with seven entrances, each equipped with an overhead door and each apparently capable of admitting a motor vehicle.

[5] Most of the arguments advanced in the defendant's brief were abandoned at the oral argument.

Mass. 174, 179-181 (1969) (mandamus); *Bellows Farms, Inc.* v. *Building Inspector of Acton,* 364 Mass. 253, 263 (1973) (proceedings under G. L. c. 231A). The true inquiry in each case is whether the building or structure is legally usable (or modifiable and legally usable) and is intended to be used for a main or accessory use which is permitted by the applicable ordinance or by-law. *Stow* v. *Pugsley,* 349 Mass. 329, 334-335 (1965).

No such inquiry appears to have been made in the present case. There is nothing in the record to warrant an inference either way on the questions whether the pole barn (or some distinct part thereof which might be allowed to stand) could be used or modified for use for one or more of the main or accessory uses expressly permitted by the by-law or for a use which could properly be considered to be implied by or incidental to one or more of the permitted uses. See *Pratt* v. *Building Inspector of Gloucester,* 330 Mass. 344, 345-347 (1953); *Harvard* v. *Maxant,* 360 Mass. 432, 437-440 (1971), and cases cited. Nor is there anything in the record to suggest the defendant's intention with respect to any such use. In this situation we are of the opinion that the case should be remanded to the Superior Court (G. L. c. 231, §§ 124 and 125, as appearing in St. 1973, c. 1114, § 204) for the conduct of further proceedings in the course of which the defendant is to be given an opportunity to prove his intentions with respect to the future use of the pole barn (or some distinct part thereof); for further consideration, in the light of the principles stated in this opinion, of the ultimate relief which should be granted to the town; and for the entry of a judgment appropriate to the circumstances found. See *Stow* v. *Pugsley,* 349 Mass. 329, 335 (1965).

Paragraph 4 of the final decree is vacated, and the case is remanded to the Superior Court for further proceedings not inconsistent with this opinion.

*So ordered.*