HENRY CHERKES & others[1] *vs.* TOWN OF WESTPORT & others.[2]

Bristol. May 9, 1984. — September 10, 1984.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Mobile Home. Trailer. Practice, Civil,* Stipulation. *Constitutional Law,* Home Rule Amendment. *Municipal Corporations,* Home rule.

Where plaintiffs in a civil action had entered into a stipulation at trial that a certain town by-law had been duly adopted as a general by-law, and not as a zoning by-law, they were precluded from contending on appeal that the by-law was invalid for failure of the town to comply with the procedural requirements of The Zoning Act. [11]

An appeal in an action challenging the validity of a town by-law did not present the question whether the by-law was within the scope of the powers delegated to towns by G. L. c. 40, § 21, or whether a town may prescribe a fine for violation of a by-law adopted under its home rule powers. [11]

CIVIL ACTION commenced in the Superior Court Department on November 13, 1981.

The case was heard by *George Jacobs, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Peter F. Staiti* for the plaintiffs.

*James M. Cronin,* Special Town Counsel (*Carlton A. Lees,* Town Counsel, with him) for the defendants.

O'CONNOR, J. Each plaintiff is the owner or coowner of a lot of land located in the East Beach area of the town of Westport. The plaintiffs seek a judgment under G. L. c. 231A de-

---

[1] Richard P. Choquet, Mildred Clavin, William Curtis, Alan French, John Ghelli, Wilma Ghelli, Juliann M. Hallal, Arthur Labaire, Loretta E. McKinney, Manuel Morro, Joseph Oliveira, H.S. Sharp, Thelma Skogland, Virginia Wheaton, and Helen Zimmerman.

[2] The board of selectmen of Westport.

claring invalid a by-law of the town which regulates the issuance and renewal of trailer permits and imposes penalties for failure to remove trailers when applicable permits have expired. After a trial, a judge of the Superior Court made written findings and rulings. Also, he ordered the entry of a judgment declaring that the trailer by-law and several amendments are valid, that none of the plaintiffs is entitled to locate or maintain a trailer on a lot in East Beach except in accordance with a permit issued pursuant to the by-law as amended, and that any trailer maintained under a valid permit must be removed within seventy-two hours after the expiration of that permit unless a further permit is issued. The judge continued in effect a preliminary injunction restraining the town's selectmen from enforcing the by-law against the plaintiffs pending appeal. Despite the order for judgment, the judgment actually entered simply dismissed the action on the merits without declaring the rights of the parties. The plaintiffs appealed and we transferred the case here on our own motion. We hold that the judge's order for judgment was correct. We vacate the judgment dismissing the action and we order that a judgment enter declaring the rights of the parties in accordance with the order of the judge.

The plaintiffs contend that the trailer by-law and the amendments to it are zoning enactments, and that they are invalid because the town did not comply with the strict procedural requirements for adopting and amending zoning by-laws set forth in The Zoning Act, G. L. c. 40A, § 5. See *Rayco Inv. Corp.* v. *Selectmen of Raynham,* 368 Mass. 385 (1975). The plaintiffs say that the by-law and amendments are not valid exercises of local government powers guaranteed by the Home Rule Amendment, art. 89, amending art. 2 of the Amendments to the Constitution of the Commonwealth, because they are "in conflict with G. L. c. 40A." [3]

---

[3] Section 6 of the Home Rule Amendment provides that "[a]ny city or town may, by the adoption, amendment, or repeal of local ordinances or by-laws, exercise any power or function which the general court has power to confer upon it, *which is not inconsistent with the constitution or laws enacted by the general court* in conformity with powers reserved to the general court by section eight" (emphasis added).

A town may regulate trailers by zoning by-laws and by other by-laws as well. *Rayco, supra* at 391, 392. *Manchester* v. *Phillips,* 343 Mass. 591, 595 (1962). Of course, it is true that by-laws that are adopted as an exercise of zoning powers must meet the procedural requirements of The Zoning Act. However, the plaintiffs cannot properly contend on appeal that the challenged by-law and amendments were adopted as zoning by-laws because the parties stipulated at trial that they "were duly passed as general by-laws under the police power of the town and not as zoning by-laws." The stipulation disposes of the plaintiffs' contentions. Any suggestion that the parties intended to reserve to the plaintiffs a right to contend that the by-law and amendments *should have been* adopted in conformity with the statutory procedural requirements for the adoption of zoning by-laws, but were not, is dispelled by the stipulation language describing the challenged regulations as having been "duly passed."

The stipulation leaves the plaintiffs with little or no room to contend that the challenged by-law and amendments thereto were invalid on any ground. In any event, the only further contentions made by the plaintiffs in this appeal are that the judge was wrong in concluding that the by-law and amendments were within the delegation of powers to towns contained in G. L. c. 40, § 21, and that the Home Rule Amendment "does not give the . . . town the power to exact fines for noncompliance with ordinances written pursuant to the delegation of authority in the amendment and, therefore, said Trailer By-Law goes beyond the scope of the delegation of authority within the Constitution and must fail." We need not determine whether the by-law and by-law amendments are within the powers delegated to towns by G. L. c. 40, § 21. If they are not, it does not follow that they are not within the powers guaranteed by the Home Rule Amendment, nor is that result demonstrated by the bare assertion, unsupported by argument within the meaning of Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975), that the Home Rule Amendment does not authorize fines.

No error has been demonstrated. Because in a properly brought action for declaratory relief there must be a declaration of the rights of the parties even though relief is denied to the plaintiffs, *Boston* v. *Massachusetts Bay Transp. Auth.,* 373 Mass. 819, 829 (1977), we vacate the judgment dismissing the action and order the entry of a judgment declaring that the challenged by-law and amendments thereto are valid, that none of the plaintiffs is entitled to locate or maintain a trailer on a lot in East Beach except in accordance with a permit issued pursuant to the by-law as amended, and that any trailer maintained under a valid permit must be removed within seventy-two hours after the expiration of that permit unless a further permit is issued.

*So ordered.*