Dissenting Opinion

Dohoney, J.
I respectfully dissent from the majority opinion. Although I am troubled by the denial of the motion to implead because it was filed substantially before the matter was ready for trial, my primary basis for dissent is the denial of the motion for a new trial with respect to the issue of damages.
The basic rule has recently been reaffirmed in Drivas v. Barnett, 24 Mass. App. Ct. 750, 755 (1987) as follows:
On appeal, ‘an award of damages must stand unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law.’ Bartley v. Phillips. 317 Mass. 35, 43 (1944). ‘An appellate court will not find an abuse of discretion in the judge’s refusal to grant a new trial on the issue of damages “(u)nless the damages awarded were greatly disproportionate to the injury proven or represented a miscarriage of justice.’ Miregeas v. Massachusetts Bay Transp. Authy., 391 Mass. 815, 822 (1984), quoting from do Canto v. Ametek, Inc., 367 Mass. 766, 787 (1975).
A reading of the Report and the Supplemental Report indicates that at the time of the injury the plaintiff had an earning capacity of $312.37 per week as a route delivery person. There was uncontradicted evidence that the plaintiff had not worked from the date of the accident (December 2, 1982) until the date of trial (December 5,1985) but returned to work on March 20,1986, as a route delivery person with smaller loads. His initial earning capacity was $280.00 per week but this rose rather quickly to in excess of $400.00 per week. The Report indicates that at the time of trial the plaintiff was totally disabled and “would be disabled in the future.” There was no evidence in the Report to suggest any length of time as to the disability.
In computing the award of damages for lost earning capacity, the Trial Justice indicated in the Report that his finding of total damages of $503,957.20 was determined as follows: Loss of wages of $272,000 based upon earning capacity of $312.37 per week, or approximately $16,000 per year; In his findings contained in the Supplemental Report the Trial Justice indicated the Court did not compute the damages on the inability of the plaintiff to work until age 65 but recognized that he would undertake some type of gainful employment.
It is difficult to ascertain the thinking of the Trial Justice in setting the amount of lost wages. The Section 913A states that the correct method is to ascertain the present value of what is to be received in the future. The majority is confident that the Trial Justice applied the correct rules of law as to the present value of an award for lost earning capacity. However, there is nothing in his findings to indicate the number of years the plaintiff would be out of *198 work. More significantly, there is no evidence in the Report or Supplemental Report to form any such conclusion. The record is simply devoid of any evidence as to the extent of future inability to work. Without this essential information, it is impossible to ascertain present value since the length of disability is a necessary ingredient of the formula.
Thus, it does not appear that the proper methodology was employed in ascertaining the loss of earning capacity, and I would remand the matter for a new trial on the issue of damages.