Agnes, A.J.
This is a civil action in which the plaintiff City of Medford seeks injunctive relief and declaratory judgment against the defendants for violating an order by this court (Botsford, J.) entered on March 16, 2000 in the case of City of Medford v. McDonald, et al., Superior Court C.A. No. 98-3470 (hereafter, “McDonald /”). Each of the defendants, who are husband and wife, owns a single-family residence in the City of Medford. In McDonald I, the court granted plaintiffs motion for summary judgment and ruled that the defendants were not allowed to rent to more than two lodgers because this was a non-permitted accessory use of their single family residences under the City of Medford’s zoning ordinance.
BACKGROUND
“By definition, a preliminary injunction must be granted or denied after an abbreviated presentation of facts and the law.” Packaging Industries Group, Inc. v. Cheney, 380 Mass. 606, 619 (1980). The preliminary findings of fact below are based on the plaintiffs Verified Complaint, the Defendant’s Verified Answer, and the affidavit of Mary Lee Jacobs submitted by the plaintiff.
William H. McDonald owns a single family residence located at 121 Mystic Street in Medford. Linda Jean McDonald owns a single family residence located at 131 Woburn Street in Medford. Each residence has five bedrooms. These properties are located in an SF-1 (single family) zoning district under the Zoning Ordinance of the City of Medford. Under the terms of the ordinance, in a dwelling occupied by a family, renting of rooms without separate cooking facilities is limited to ”[o]ne of two rooms to one or two lodgers.” McDonald I at 2. Thus, it is not permissible for the owner of single family residence in an SF-1 district in the City of Medford to rent rooms to three or more lodgers.[1]
As noted above, the plaintiff prevailed against the defendants earlier this year in another civil action in which this court (Botsford, J.) ruled that the City of Medford’s zoning ordinance prohibited the defendants from renting more than two rooms to lodgers or from renting to more than two lodgers, and this was explained by the court to include an arrangement in which more than two lodgers were occupying the residences even though no more than two may have paid rent for any single night. See McDonald I at 4-5.
The present action arose when following the decision in McDonald I the defendants informed the City of Medford that they are renting the two single-family residences in question to more than two.lodgers under so-called lease agreements with Tufts University, an educational, non-profit corporation located in the City *735 of Medford, which serve to exempt the rentals from the provisions of the local zoning law under G.L.c. 40A, §3. One of the so-called lease agreements is included as exhibit A to the defendants’ Verified Answer. According to a letter dated September 13, 2000, Professor W. Anthony Mann of the High Energy Physics Group of Tufts University, agrees to “lease your property at 121 Mystic Street, Medford for the period of time beginning Friday, September 15, 2000 through the morning of Wednesday, September 20, 2000" for a fee of $1,470.00. The letter further states that ”[d]uring this time, Tufts University will have an exclusive use of the building at 121 Mystic Street" to lodge “participants of the Soudan 2 Collaboration Meeting.” The letter adds that payment will be made from a specific account under the control of the Physics Department of Tufts University. The letter closes with the statement that “I [Professor Mann] am the University’s signature authority for this lease agreement.” The letter is signed by someone who represents himself as Professor W. Anthony Mann and by the defendant William H. McDonald. It also appears that by a separate letter dated September 14, 2000, the defendant gave notice of the so-called lease agreement to the Building Commissioner of the City of Medford. See Verified Answer, exhibit A.
Both prior to and subsequent to the decision in McDonald I, the defendants entered into a variety of so-called short term lease agreements with persons employed by Tufts University. See Verified Answer, exhibit B (lease in May 2000 with Fletcher School of Tufts University for 121 Mystic Street for two days for 5 lodgers); exhibit C (lease in April 2000 with Fletcher School of Tufts University for 121 Mystic Street for two days for “a few persons”); exhibit D (lease in February 2000 with Office of the Vice-President of Tufts University for 121 Mystic Street for “ten visiting scholars from China”); exhibit E (lease in February 1999 with Office of the Vice-President of Tufts University for 131 Woburn Street for “several of China’s leading scholars”). In each case, the defendants sent a letter to the Building Commissioner of the City of Medford in which they made specific reference to the terms of the lease agreement.
According to Mary Lee Jacobs, general counsel of Tufts University, university professors “do not have the authority to bind the university in a lease agreement.” Affidavit of Mary Lee Jacobs, offered as an exhibit by the plaintiff.
DISCUSSION
1. Whether the relief requested by the plaintiff is barred by Rule 65.3. The defendants maintain that the complaint should be dismissed because the exclusive method for enforcing compliance with an injunction or comparable order such as that issued by Judge Botsford in McDonald I is a complaint for civil contempt brought under Mass.R.Civ.P. 65.3. Although it is true that the plaintiffs complaint alleges a violation of Judge Botsford’s order in McDonald I, see Complaint, Prayers for Relief, paragraph 1 & 6, it also seeks equitable relief on grounds that the so-called lease arrangements described above are in violation of the city’s zoning ordinance. See Complaint, Prayers for relief, paragraphs 2-5. Furthermore, it became apparent at oral argument in this case that the plaintiffs primary concern at this time was over the defendant’s practice of leasing rooms to representatives of Tufts University for groups of more than two lodgers per residence. Therefore, insofar as paragraphs 1 and 6 of the prayers for relief of the plaintiff s complaint relate to whether the defendants are in contempt of the order in McDonald I, that relief may not be obtained in this action. See Mass.R.Civ.P. 65.3. However, the remainder of the complaint is valid insofar as it seeks equitable relief to restrain a violation of the local zoning law. See G.L.c. 40A, §7.
2. Whether the so-called lease arrangements are exempt from the zoning ordinance of the City of Med-ford. There does not appear to be any dispute, as noted above, that the zoning ordinance of the City of Medford prohibits owners of single family residences in an SF-1 district (which includes the two homes involved in this case) from renting rooms to more than two lodgers. See McDonald I, supra. The defendants contend that they are exempt from the terms of the local ordinance because the lease arrangement constitutes an educational use under G.L.c. 40A, §3, and limits on occupancy are not among those provisions of a local ordinance that may be enforced against an educational use.
The plaintiff makes a twofold attack against this argument by first denying that the so-called lease arrangements are valid on grounds that professors employed by Tufts University do not have the authority to bind the university to a lease. See Affidavit of Attorney Mary Lee Jacobs. Second, the plaintiff argues that lease arrangements such as those involved in this case are not exempt from local zoning laws under G.L.c. 40A, §3.
Under G.L.c. 40A, §3, a local zoning by-law may not “prohibit, regulate or restrict the use of land or structures for .. . educational purposes,” but “such land or structures may be subject to reasonable regulations concerning the bulk and height of structures and determining yard sizes, lot area, set backs, open space, parking and building coverage requirements ...” The statute prohibits a community from using its zoning powers to prevent the use of certain property for educational purposes, but does not place educational uses beyond the reach of local zoning regulations. See The Bible Speaks v. Board of Appeals of Lennox, 8 Mass.App.Ct. 19, 31 (1979). See also Radcliffe College v. Cambridge, 350 Mass. 613 (1966); Sisters of the Holy Cross v. Brookline, 347 Mass. 486, 494 (1964). The burden of establishing that a local regulation is unreasonable rests with the education *736 institution. “[A]n educational institution making challenges similar to those made by Tufts will bear the burden of proving that local requirements are unreasonable as applied to its project.” Trustees of Tufts College v. City of Medford, 415 Mass. 753, 759 (1993).
The defendant’s position in the present case rests on the mistaken assumption that because they may have some affiliation with an educational institution, they come within the ambit of G.L.c. 40A, §3. Here, not only is Tufts University not a party to the case, the institution, through its general counsel, has specifically asserted that the so-called lease arrangements are not even valid. If the defendants provided services to Tufts University based on these so-called leases, they may be entitled tobe paid, but in such circumstances, it would be anomalous to say that the defendants are entitled to assert the rights enjoyed by a “nonprofit educational corporation” under G.L.c. 40A, §3. See Klein v. Catalano, 386 Mass. 701, 714 (1982) (party lacks standing to assert the rights of a party who is not before the court). This rule has special force in circumstances such as those in this case in which there is no reason to suppose that the defendants are appropriate surrogates for Tufts University with regard to the application of G.L.c. 40A, §3. See City of Boston v. Rockland Trust Co., 391 Mass. 48, 57 (1984). Thus, on the record before me, without deciding whether the terms of the occupancy limitations in SF-1 districts under the City of Medford zoning ordinance could validly be applied to property used for an educational purpose by a nonprofit educational corporation, I rule that the defendants lack standing to raise the G.L.c. 40A, §3 exemption as a defense. In other words, on the record before me, the defendants have simply rented rooms in single family residences located in an SF-1 district to more than two lodgers in violation of the local zoning ordinance.
In deciding whether to grant a preliminary injunction, the court must determine whether the moving party has demonstrated a likelihood of success on the mérits, and that it faces a substantial risk of irreparable harm. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 606, 616-17 (1980). “If the judge is convinced that failure to issue the injunction would subject the moving party to a substantial risk of irreparable harm, the judge must then balance this risk against any similar risk of irreparable harm which granting the injunction would create for the opposing parly.” Id. at 617.
In the present case, it appears from what has been said above that the plaintiff City of Medford has a strong likelihood of success on the merits. Also, it appears that the defendants have persisted in making uses of the two properties in question that are in violation of the express provisions of the local zoning ordinance. An award of equitable relief will not deprive the defendants of any lawful uses of their property, including rentals to no more than two lodgers. In these circumstances, injunctive relief is warranted. See Town of Sterling v. Poulin, 2 Mass.App.Ct. 562 (1974) (relief with respect to the unlawful use of a building usually takes the form of an injunction against continuation of the illegal use) (citations omitted).
ORDER
For the above reasons, the defendants William H. McDonald and Linda Jean McDonald are preliminarily ORDERED AND ENJOINED against renting the single family residences located at 121 Mystic Street and 131 Woburn Street in Medford to more than two lodgers until further order of the court. Also, prayers 1 and 5 for relief set forth in the plaintiffs complaint are DENIED WITHOUT PREJUDICE. Finally, the defendants’ motion to dismiss is DENIED.

The discussion about the terms and the meaning of the City of Medford’s zoning ordinance that appears in Judge Botsford's decision in McDonald I is the only evidence in the record before me of what the local law is with regard to lodgers in a single family residence. At the argument in this case, the defendants did not indicate any disagreement with Judge Botsford’s decision, but rather questioned whether the plaintiff had a right to enforce it in this case, and whether it had any application to the facts of this case. Thus, I accept the discussion in McDonald I of the local ordinance of the City of Medford, and I adopt its reasoning with regard to the limitation that the local ordinance imposes on certain rentals to lodgers for purposes of the plaintiffs request for equitable relief in this case.