116        53 Mass. App. Ct. 116 (2001)

Cohasset Heights, Ltd. *v.* Zoning Board of Appeals of Cohasset.

## Cohasset Heights, Ltd. *vs.* Zoning Board of Appeals of Cohasset; John K. McNabb, Jr., & others,[1] interveners.

No. 99-P-595.

Suffolk. June 1, 2001. - October 29, 2001.

Present: Brown, Doerfer, & Cohen, JJ.

*Zoning,* Issuance of permit, Nonconforming use or structure.

In a civil action appealing a building inspector's cease and desist order to a landfill operator on the ground that the landfill was a nonconforming use, as a matter of law, the issuance of a special permit to operate the landfill, rather than the recording of the permit, marked the beginning of protection from subsequent zoning changes as a prior nonconforming use. [118-119]

Civil action commenced in the Land Court Department on April 14, 1998.

The case was heard by *Peter W. Kilborn,* J., on motions for summary judgment.

*Michelle N. O'Brien* for the plaintiff.

*Daniel R. Deutsch* for the defendant.

*Kevin F. O'Donnell,* for the interveners, was present but did not argue.

Doerfer, J. The plaintiff, Cohasset Heights, Ltd. (CHL), held a special permit to operate a landfill which was issued but not recorded prior to first publication of notice of a public hearing on an adverse zoning change. A judge of the Land Court ruled that the permit thus did not qualify as a prior nonconforming use. We reverse and hold that under G. L. c. 40A, § 6, the relevant saving event occurred when the special permit issued and not when it was later recorded.

The case was decided by the judge on cross motions for sum-

---

[1]Kevin F. O'Donnell, Linda Keller, Mary O. Kelly, James C. Kinch, Peter G. Whittemore, Peter J. Pratt, William S. Hodgson, and Margaret Chapman.

53 Mass. App. Ct. 116 (2001)             117

Cohasset Heights, Ltd. v. Zoning Board of Appeals of Cohasset.

mary judgment. The undisputed material facts were as follows. The Cohasset zoning board of appeals (board) voted on December 7, 1976, to grant a special permit to operate a landfill to one Tyeryar, the predecessor in title to CHL. The special permit was filed with the town clerk the next day, and no appeal was taken. Tyeryar did not, however, obtain a certified copy of the permit for recording (showing no appeal within the applicable time), and thus did not record the permit at that time. See G. L. c. 40A, §§ 9 and 11. He began operating a landfill promptly thereafter, and sold the property[2] to CHL in 1982, which continued the landfill operations. In 1986, the zoning by-law of Cohasset was amended to create a water resource overlay district that would prohibit landfill operations on part of CHL's land. The special permit had not yet been recorded at that time.

There was litigation over the landfill operations thereafter for a number of years,[3] none of which raised the issue of the failure to record the permit. On January 13, 1998, a citizens' group, upon discovering that the special permit had not been recorded, complained to the building inspector. CHL then promptly obtained the necessary certified copy from the town clerk and recorded the special permit on January 21, 1998. On January 26, 1998, the building inspector issued a cease and desist order on the grounds that the special permit was invalid because it had not been recorded. The board upheld the cease and desist order.

---

[2]There is no basis to the interveners' argument challenging the recital of the judge that CHL succeeded to the interest of Tyeryar in the permit.

[3]The controversy over the landfill has a lengthy history. In February, 1986, two months before the creation of the water resource district, Cohasset's building inspector reported that CHL had exceeded the parameters of the special permit by disposing of municipal solid waste. CHL appealed the building inspector's findings to the board. In May, 1986, the board ruled that the special permit was limited to the disposal of demolition material, and the building inspector ordered CHL to cease disposing of solid waste. CHL appealed. The board's decision was affirmed on appeal and later upheld by this court in *Cohasset Heights, Ltd.* v. *Zoning Board of Appeals of Cohasset*, 25 Mass. App. Ct. 1116 (1988). On June 6, 1988, CHL filed a complaint seeking a declaration that G. L. c. 40A, § 7, barred the town from preventing CHL from disposing of municipal solid waste in its landfill. The board counterclaimed, asserting that the special permit limits CHL to the disposal of rock, stumps, brickwork, and demolition debris. The board was awarded summary judgment on the grounds that CHL's claim was barred under principles of res judicata.

A judge of the Land Court, on the appeal of CHL, upheld the board's decision, ruling that the 1976 permit was not valid and that CHL was prohibited from continuing its landfill operations.

General Laws c. 40A, § 6, as inserted by St. 1975, c. 808, § 3, reads in relevant part:

> "Except as hereinafter provided, a zoning ordinance or by-law shall not apply to structures or uses *lawfully in existence* or *lawfully begun, or* to a building or special permit *issued* before the first publication of notice of the public hearing on such ordinance or by-law . . ." (emphasis added).

Citing G. L. c. 40A, § 11,[4] the judge ruled that although the permit had been issued[5] in 1976, CHL's failure to record the permit was "fatal to § 6 protection." He further ruled that to qualify as a prior nonconforming use, the permit must be in effect on the relevant date (here, 1986). He stated that "[i]t would be anomalous if § 6 protection could be based on a special permit which had not gone into effect."

In so ruling, the judge did not account for the fact that § 6 distinguishes between the two concepts of "issued" and "lawfully in existence." General Laws c. 40A, § 11, requires that a special permit be recorded in order to "take effect." But the fact that it has not taken effect does not mean that it has not been issued. Both logic and the language of § 11 dictate that a permit must be issued before it can be recorded. Under § 6, issuance alone qualifies a special permit as a prior nonconforming use.[6]

Moreover, there is precedent for the proposition that a permit

---

[4]General Laws c. 40A, § 11, provides in relevant part: "Upon the granting of a variance or special permit, . . . the permit granting authority or special permit granting authority shall issue to the owner . . . a copy of its decision . . . . No variance or special permit . . . shall *take effect* until a copy of the decision . . . is recorded in the registry of deeds . . ." (emphasis added).

[5]There is no merit in the interveners' argument that the permit had not issued because the town clerk had not provided a certified copy for recording.

[6]Although not pertinent to consideration of § 6 protection, we note that the permit in this case was recorded before the cease and desist order was issued and was thus "effective" (subject to resolution of the present controversy) under G. L. c. 40A, § 11, at that time. Thus, this case does not present the "anomaly" of now permitting a use of land under a special permit which has not yet come into effect.

which is not effective nevertheless may be protected as a prior nonconforming use. *Smith* v. *Building Commr. of Brookline*, 367 Mass. 765 (1975).[7] There, a case involving an application for a building permit had been remanded to the zoning authorities for further consideration after a prior appeal. See *Smith* v. *Board of Appeals of Brookline*, 366 Mass. 197 (1974). The building permit provided no authority to build or occupy the structure in question while the case was on remand. In that sense, the permit had not "taken effect" (although recording was not required). A zoning change occurred during the time the case was on remand. The court held that the zoning change did not apply to the permit. *Smith* v. *Building Commr. of Brookline*, *supra* at 773-774. Thus, the court allowed a permit which had not taken effect nevertheless to qualify as a prior nonconforming use.

The plain language of § 6 cannot be ignored. It clearly establishes that issuance of a special permit marks the beginning of protection as a prior nonconforming use from subsequent zoning changes.

In view of our decision, we need not reach the remainder of CHL's appellate claims.

*Judgment reversed.*

---

[7]The case was decided under the statutory predecessors to the present G. L. c. 40A, which have not changed in any aspect material to this case.