STEVEN MSCISZ & others[1] *vs.* KASHNER DAVIDSON SECURITIES CORPORATION & others.[2] March 28, 2006. *Supreme Judicial Court,* Appeal from order of single justice. *Arbitration,* Judicial review, Vacating award. *Unauthorized Practice of Law.*

The plaintiffs appeal from an order and judgment of a single justice denying their request for declaratory relief. The appeal pertains to an issue that was raised in *Superadio Ltd. Partnership* v. *Winstar Radio Prods., LLC, ante* 330, 334-337 (2006), namely, whether representation of a party by an out-of-State

---

[1]Mark Mscisz and Lynda Mscisz.

[2]Victor Kashner; Matthew Meister; Timothy Varchetto; Marc J. Ross; Richard J. Babnick, Jr.; and Sichenzia Ross Friedman Ference LLP.

licensed attorney in a Massachusetts arbitration proceeding constitutes the unauthorized practice of law. Although the single justice did not need to resolve that issue, his denial of relief to the plaintiffs was warranted.

The background of the case is as follows. The plaintiffs, Steven Mscisz, Mark Mscisz, and Lynda Mscisz, are Massachusetts residents and were customers of the defendant Kashner Davidson Securities Corporation (KDSC). KDSC, a Florida corporation that maintains its only place of business in Florida, is a broker-dealer registered with the United States Securities and Exchange Commission (SEC), and is a member of the National Association of Securities Dealers, Inc. (NASD). The defendants Victor Kashner, Matthew Meister, and Timothy Varchetto are Florida residents and are registered representatives of KDSC. We refer to these defendants collectively as the broker defendants.

The defendants Marc J. Ross and Richard J. Babnick, Jr., are attorneys admitted to practice law in New York State, but are not licensed to practice law in Massachusetts. They are affiliated with the defendant New York City law firm, Sichenzia Ross Friedman Ference LLP. We refer to these defendants collectively as the lawyer defendants. The lawyer defendants have represented KDSC in securities-related matters for many years.

In May, 2004, the lawyer defendants, on behalf of KDSC, filed with the New York NASD office a statement of claim demanding arbitration against the plaintiffs, alleging that the plaintiffs had failed to satisfy the margin debit balances in their respective margin accounts with KDSC.[3] The plaintiffs filed an answer and counterclaim, and third-party claims against the broker defendants. Pursuant to its policy to "select the hearing location closest to the [public] customer's residence at the time the dispute arose," NASD selected Boston as the location for the arbitration proceedings. There is no provision in the NASD Code of Arbitration Procedure, which the parties agreed would govern the dispute, concerning pro hac vice admission, and no provision limiting who may appear as counsel on behalf of parties to the arbitration proceeding.[4]

The plaintiffs filed a motion with the arbitration panel to disqualify the lawyer defendants from representing the broker defendants on the ground that the lawyer defendants were not licensed to practice law in Massachusetts. The lawyer defendants opposed the motion and requested that the panel admit them pro hac vice. The panel denied the plaintiffs' motion to disqualify, and later ruled "that it is not necessary for counsel to be admitted pro hac vice in this matter." An arbitration hearing on the case was scheduled for May 17, 2005.

Before the scheduled date for commencement of the arbitration hearing, the single justice entered a memorandum of decision and judgment, denying the

---

[3]KDSC alleged that Steven Mscisz and Mark Mscisz each deposited into their respective accounts a large number of shares, much obtained on margin, of Vaso Active Pharmaceuticals, Inc. (Vaso), a publicly traded company of which their brother was president. Subsequently, the SEC suspended trading in Vaso's stock, rendering the stock valueless and triggering margin call notifications, or requests to satisfy account deficiencies, by KDSC to the plaintiffs.

[4]Section 10316 of the NASD Code of Arbitration Procedure (2004) provides: "All parties shall have the right to representation by counsel at any stage of the proceedings."

plaintiffs' request for declaratory relief. He concluded that the lawyer defendants would not be engaging in the unauthorized practice of law in violation of Mass. R. Prof. C. 5.5 (a), 426 Mass. 1410 (1998), and G. L. c. 221, § 46A, by representing the broker defendants at the arbitration hearing. The single justice declined to address the remaining issues raised by the plaintiffs.[5] The plaintiffs appealed.

1. Although we conclude, for a different reason from that articulated by the single justice, that the plaintiffs are not entitled to declaratory relief, the single justice did not abuse his discretion in denying that relief. See *Smith* v. *Building Comm'r of Brookline*, 367 Mass. 765, 769 (1975). For the reasons articulated in *Superadio Ltd. Partnership* v. *Winstar Radio Prods., LLC, supra* at 336-337, even assuming that an out-of-State attorney's representation of a party at an arbitration proceeding in Massachusetts might constitute the practice of law, "the conduct would not provide a basis to vacate the award." This conclusion resolves the controversy.

2. "Because in a properly brought action for declaratory relief there must be a declaration of the rights of the parties even though relief is denied to the plaintiffs," *Cherkes* v. *Westport*, 393 Mass. 9, 12 (1984), we vacate the judgment "den[ying] the [plaintiffs'] petition." A new judgment shall enter in the county court declaring that, even if an out-of-State attorney's representation of a party at an arbitration proceeding in Massachusetts might constitute the practice of law, this conduct does not provide a basis to vacate the arbitration award, and, as such, the plaintiffs are not entitled to relief.

*So ordered.*

*William P. Corbett, Jr.,* for the plaintiffs.

*Richard J. Babnick, Jr.,* of New York (*Marc. J. Ross,* of New York, & *Howard M. Smith* with him) for the defendants.

The following submitted briefs for amici curiae:

*Timothy P. Burke, Matthew C. Applebaum, Katherine W. Grearson, Richard A. Johnston, Mark C. Fleming,* & *James S. Goldman* for Boston Bar Association.

*Timothy P. Burke* & *Matthew C. Applebaum* for Securities Industry Association.

*Andrew R. Grainger, Martin J. Newhouse,* & *Ben Robbins* for New England Legal Foundation.

---

[5]The arbitration thereafter proceeded.