**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 20, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal No. 2024AP1499** | **Cir. Ct. No. 2022SC22884** |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS DISTRICT I** |

---

**2100 NORTH FARWELL AVENUE LLC,**

      **PLAINTIFF-RESPONDENT,**

  **V.**

**LIN & LI FUSHINAMI, LLC, GUI LIN, MEILING DONG, AND BAO SHOU CHEN,**

      **DEFENDANTS-APPELLANTS.**

---

APPEAL from a judgment of the circuit court for Milwaukee County: REYNA I. MORALES, Judge. *Reversed and cause remanded with directions.*

¶1      WHITE, C.J.[1]  Lin and Li Fushinami, LLC, Gui Lin, Meiling Dong, and Bao Shou Chen (collectively, the Tenants) appeal from a judgment of more than $400,000 in favor of 2100 North Farwell Avenue, LLC (the Landlord) for unpaid rent and money damages related to the Tenants' eviction.  Although the Tenants raise four arguments, we address only their contention that the circuit court erred when it did not dismiss two of the named litigants.[2]  We conclude that it is probable that justice has miscarried; we reverse the judgment and remand for a new trial and proceedings consistent with this decision.

## BACKGROUND

¶2      This case arises from an eviction of a restaurant located at 2116 North Farwell Avenue in Milwaukee.  The Landlord filed for an eviction and damages in September 2022, after several years of negotiations over unpaid rent due to a downturn in the business during the COVID pandemic closures.  The original lease, signed in 2012, was executed between the Landlord and Lin & Chen Fushimi, LLC, and contained personal guarantees from Gui Lin and Bao Shou Chen, members of the LLC.  In July 2014, the Landlord and "Lin & Dong Fushinami, LLC ('Tenant') and Meiling Dong and Gui Lin" executed the First

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

[2] An appellate court need not address every argument raised by the parties when one is dispositive.  *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013).

Amendment to the Lease to change the named tenant on the lease to "Lin & Dong Fushinami, LLC."[3]

¶3    In March 2024, the Tenants moved to dismiss Chen and Dong as defendants, arguing neither was personally liable.  They asserted that Chen's personal guarantee did not apply after the First Amendment to the Lease that changed the tenant named in the lease.  The Tenants argued that Dong never signed a personal guarantee and that she only signed the amendment as a member of Lin & Dong Fushinami, LLC.

¶4    In April 2024, the court addressed the motion to dismiss.  The Landlord argued that Chen remained liable under his personal guarantee, that Dong signed onto the lease individually in the First Amendment to the Lease, and that she signed a personal guarantee, although the Landlord admitted it did not have a copy of it.  The Tenants argued that amendment was a material change to the lease that discharged Chen's liability under his personal guarantee in the original lease.  The Landlord argued that the change in tenant in the amendment was not a material change because the new LLC was not a separate entity.  It also argued there was no documentation or evidence of Chen withdrawing his personal guarantee.

¶5    After argument from both parties, the Landlord asked to call John Stern, the property manager, as a witness to testify about whether the intent of the First Amendment to the Lease was "to amend everything or to simply amend the

---

[3] The record contains Wisconsin Department of Financial Institution (DFI) records that indicate that the business entity Lin & Chen Fushimi, LLC became Lin & Dong Fushinami, LLC in 2013, which then became Lin & Li Fushinami, LLC in 2022.

name." The Tenants objected that Stern's testimony would need to come in by affidavit in a summary judgment motion, as was the procedure for dispositive motions "[o]therwise, we have a trial here." The court asked how else the issue would be refuted or resolved, noting it had taken testimony on motions on a regular basis. The court noted that the Tenants had made an objection and preserved the issue for appeal.

¶6 The court then proceeded to hear testimony from Stern, who believed the amendment was a change in name only. During a second day of hearings in May 2024, Dong testified that she never signed a personal guarantee and that she signed the First Amendment to the Lease as a member of Lin & Dong Fushinami, LLC, not as an individual. Chen testified that he did not retain any ownership in any LLC after he left in 2013. Lin testified that Dong told the Landlord that Chen was out of the company; he also stated that Lin & Chen Fushimi LLC is the same entity as Lin & Dong Fushinami LLC. Steve Elkind, the Managing Member of the Landlord, testified that he did not consent to Chen's personal guarantee being released and he believed the amendment added Dong as a third tenant, not as replacement for Chen.

¶7 The circuit court denied the Tenants' motion to dismiss, concluding there was personal liability for both Chen and Dong. The court concluded that Chen was "fully aware of the type of lease he was signing." The court considered Stern's testimony that it was a name change and Lin's testimony that the new and old LLCs were the same company; the court concluded that it was a change in

name, but the conditions of the lease remained the same.[4]  The court stated that when someone conducts a business through an agent or LLC, they need to be aware of the "consequences."  The court did not address Dong individually, but concluded that the "individuals are going to be personally liable.  They knew what they were getting into, they knew what they were gaining when they were entering into this lease."

¶8      The court then considered and granted the Landlord's motion for partial summary judgment on certain periods of unpaid rent.  After a bench trial in May and July 2024, the court ruled in favor of the Landlord on all submitted money damages.  The court entered a judgment of $417,910.44 joint and severally against Lin & Li Fushinami, LLC, Gui Lin (individually), Meiling Dong (individually), and Bao Shou Chen (individually).[5]  The Tenants now appeal.

---

[4] The circuit court also stated that the law on the issue of determining whether there was a change to a company or a change in name only was "not entirely clear."  The court did not provide a legal basis for its conclusion that liability was owed by Chen and Dong.

[5] The order for damages of $417.910.44 was composed of:

$61,419.16 for unpaid rent from April 2020 to September 2021
$32,580.00 for unpaid rent from September 2022 to December 2022
$46,521.00 for the rent abatement offer
$8,250.00 in late charges
$15,380.00 for unpaid operating charges based on the Tenant's share
$6,735.00 for cleaning costs
$3,200.00 for removal of the Tenants' personal property left when they vacated
$2,784.00 for the value of the ice machine
$11,968.90 for the value of two turbo bar back coolers
$44,258.70 in treble damages pursuant to WIS. STAT. § 895.446 for civil theft
$132,215.76 in attorney fees through July 2024
$4,400.00 in estimated attorney fees through trial
$48,336.26 in interest
($138.84) credit after operating charges review

## DISCUSSION

¶9     Although the Tenants make four arguments on appeal, we confine our review to the dispositive matter of the error in the motion to dismiss. The Tenants argue that Dong and Chen should be dismissed from this action because they did not have personal liability. Procedurally, it is unclear under what basis the circuit court refused to dismiss Dong and Chen. On a motion to dismiss for failure to state a claim, the court would not consider evidence outside of the pleadings.[6]  The record reflects that the court heard testimony and reviewed documentary evidence before making its decision.

¶10     If on a motion to dismiss for failure to state a claim, "matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [WIS. STAT. §] 802.08, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by [§] 802.08." WIS. STAT. § 802.06(2)(b). However, if we consider this a conversion to summary judgment, genuine issues of material fact would preclude such a judgment. *See* Sec. 802.08(2). The record reflects that the parties identified several factual disputes material to the resolution and the court's decision was based on matters outside of the pleadings and the record before us.

---

[6] On a motion to dismiss for other reasons, such as a lack of capacity, jurisdiction, issues with summons or process, res judicata, or statute of limitations, evidence outside of the pleadings may be required for the court to reach a conclusion. *See* WIS. STAT. § 802.06(2)(a). However, there was no argument made over any of the other statutory defenses and we will not discuss them further.

¶11     We are then left, as Tenants' counsel phrased it, with a trial. A trial was scheduled in this case, and it occurred after the court's decision was rendered on the motion to dismiss. We acknowledge that small claims court, where all evictions are heard, is a less formal setting. *See* WIS. STAT. § 799.01(1)(a); ***Columbia Cnty. v. Bylewski***, 94 Wis. 2d 153, 165, 288 N.W.2d 129 (1980) ("The object of the small claims procedure is the accomplishment of speedy and inexpensive justice."). However, the Tenants' objection to the circuit court's planned process to decide the motion to dismiss was correct. We also conclude this error was not harmless. *See* WIS. STAT. § 805.18(2).

¶12     Having examined the record in this case from the pleadings through the actual trial, we are "convinced that there has been a probable miscarriage of justice." ***Puls v. St. Vincent Hosp. of Hosp. Sisters of Third Ord. of St. Francis***, 36 Wis. 2d 679, 693, 154 N.W.2d 308 (1967). The court's findings that Chen and Dong are personally liable "is against the great weight and clear preponderance of the evidence, and []the real issues in the case have not been fully tried." ***Sentell v. Higby***, 87 Wis. 2d 44, 51, 273 N.W.2d 780 (Ct. App. 1978).

¶13     Chen's liability rests on the question of whether a material change to the lease occurred to which he did not agree. "As a general rule, any change in an agreement between a principal and creditor that results in larger responsibilities or liabilities on the part of the principal, made without the consent of the guarantor, acts as a discharge of the guarantor." ***Baumgarten v. Bubolz***, 104 Wis. 2d 210, 215, 311 N.W.2d 230 (Ct. App. 1981). The Seventh Circuit, applying Wisconsin law, discussed changes that could discharge a guarantor, such as "when the principal undergoes a change of name or location, incorporates, transfers its assets, is taken over, is dissolved or ceases to do business[.]" ***Gritz Harvestore, Inc. v. A.O. Smith Harvestore Prods., Inc.***, 769 F.2d 1225, 1233 (7th Cir. 1985).

However, for these changes to matter in the analysis, the changes must "result[] in an increased risk to the guarantor." ***Id.***

¶14     Dong's liability rests on whether she signed a personal guarantee or whether she signed the lease as an individual. A member of an LLC "is not personally liable, directly or indirectly, by way of contribution or otherwise, for a debt, obligation, or other liability of the company solely by reason of being or acting as a member or manager." WIS. STAT. § 183.0304(1). "LLCs are individual entities that are legally separate from their members and from other LLCs, regardless of common ownership." ***Pagoudis v. Keidl***, 2023 WI 27, ¶21, 406 Wis. 2d 542, 988 N.W.2d 606. The court's decision did not make findings specifically about Dong or her actions, and did not provide a legal basis for its conclusion that she was liable.

¶15     Although the circuit court concluded both individuals had personal liability, the court's statements did not resolve the necessary questions of fact. The court stated that the parties "knew what they were getting into" and there were "consequences" to being a member of an LLC. These statements, even if we were to read them as credibility findings against the Tenants, do not reach the question of whether there was a material change to the lease that Chen did not sign. They also do not resolve the fact questions of whether Dong was signing the lease as an individual or whether she signed a personal guarantee.

¶16     We conclude that the question of whether there was a material change in the lease to which Chen did not agree was a "significant legal issue" that was not properly tried to the court. *See* ***Vollmer v. Luety***, 156 Wis. 2d 1, 20, 456 N.W.2d 797 (1990). The change or modification contemplated by this body of law does not rest on whether a business entity remains the "same," but the effect

on a party who did not join in the alteration of contract when other signatories do. *See* **Baumgarten**, 104 Wis. 2d at 215. Similarly, the court's decision does not reference the legal standard for liability of LLC members. *See* **Pagoudis**, 406 Wis. 2d 542, ¶20 (discussing that "a member may act as an agent of the LLC, but a member does not share the LLC's liabilities solely by virtue of membership").

¶17 We therefore employ our discretionary power of reversal to remand this matter. *See* WIS. STAT. § 752.35. The determination of whether Chen and Dong have personal liability requires findings that most likely require a new trial to resolve.[7] "The power to grant a new trial in the interest of justice is to be exercised 'infrequently and judiciously.'" **State v. Cameron**, 2016 WI App 54, ¶31, 370 Wis. 2d 661, 679, 885 N.W.2d 611 (citation and one set of quotation marks omitted). This controversy went off track at the motion to dismiss hearing when testimony was heard and evidence submitted to resolve factual conflicts. Accordingly, we remand this matter to the circuit court for a trial to develop relevant fact finding and application to the proper standards of law. *See* **Gottsacker v. Monnier**, 2005 WI 69, ¶36, 281 Wis. 2d 361, 697 N.W.2d 436. After the issue of personal liability is determined, the remand court will then address the Landlord's money damages claims.

---

[7] The typical language discussing the discretionary power of reversal refers to a new trial; however, here, the circuit court decided the issue of personal liability by an improper process—not through a trial. Nonetheless, in order to reach the error permeating this case, we are reversing the judgment reached after the bench trial, and we consider this a remand for a new trial to resolve all issues.

## CONCLUSION

¶18    We conclude that the circuit court's findings that Dong and Chen had personal liability were not fully tried before the circuit court.  We reverse under our power of discretionary reversal and remand for a new trial and proceedings consistent with this decision.[8]

*By the Court.*—Judgment reversed and cause remanded with directions.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[8] We note that, on June 19, 2025, the appellants moved for relief pending appeal of the circuit court's judgment in this matter.  By order dated July 8, 2025, we held that motion in abeyance and directed the circuit court to conduct proceedings on the record addressing the motion for relief pending appeal.  This court has now vacated and reversed the circuit court's judgment.  Accordingly, we will dismiss as moot the June 19, 2025 motion for relief pending appeal, and we will relieve the circuit court of the obligations imposed by our order of July 8, 2025.